[Crim. No. 1608. Second Appellate District, Division Two.—
April 5, 1928.]

THE PEOPLE, Respondent, v. J. F. DUKES, Appellant.

H. E. Thompson and George F. Lord for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Albert Ford, District Attorney, for Respondent.

CRAIG, J.—The defendant, a deputy sheriff of Riverside County, was charged by information with a violation of section 149 of the Penal Code, committed as follows: "The said defendant, on or about the 27th day of October, 1927, at the said county of Riverside, state of California, and before the filing of this information, did wilfully and unlawfully and under color of authority as deputy sheriff of Riverside county and without any lawful necessity, assault and beat Walden E. Trimble, said defendant being then and there a duly appointed, qualified and acting deputy sheriff of Riverside county, California." He was tried, and found guilty as charged in the information.

Three grounds of appeal from the judgment are urged: First, that the court erred in excluding certain evidence; second, that the giving of instruction No. 8 was error, and third, that the verdict and judgment are against the evidence and that the verdict was the result of passion and prejudice.

The last contention is not sufficiently meritorious to require extended consideration. ■ An appellate court has nothing to do with the weighing of the evidence on appeal. ■ All intendments favor upholding the judgment and the action of the trial court. ■ The evidence is to be viewed in the light most favorable to the prosecution. In the statement of facts contained in appellant's opening brief, much of the testimony of the witnesses Trimble and Roberts is ignored, apparently upon the theory that these witnesses were not worthy of belief. ■ Having found the defendant guilty, it must be assumed that the jury believed such testimony as points to his guilt. That evidence is amply sufficient to sustain the verdict. Accepting it and disregarding that which contradicts it, the transcript shows that on October 27, 1927, Trimble was driving an automobile on the highway at a rate of speed in excess of that allowed by law; that the defendant and another officer followed him, and when he slowed down back of a truck which interfered with his progress, the officers came alongside of his machine, stopped their own, and approached his car. Dukes then shouted to Trimble: "God damn you, get out of that car. Who do you think you are, that you can come down there like that—" Trimble started to get out, but Dukes took hold of him and dragged him out of the car, struck him in the face, then jerked his glasses off, threw them on the ground, and struck him in the face again. At this point Roberts, who had witnessed the affair, remonstrated with Dukes, who replied: "Who the hell are you? I have just arrested this man for coming down that hill at an excessive rate of speed." Trimble asked Dukes why he was arresting him, and Dukes responded, "For driving down that hill in the reckless manner you did." In arresting Trimble, Dukes did not give him a citation, as required by section 154 of the Automobile Act. It appears that later Trimble entered a plea of guilty to the charge of reckless driving, and was fined $100.

To be sure, the version of the entire occurrence as given by Dukes and his witnesses was far different from the above, but their testimony simply creates a conflict in the evidence.

The defendant assails instruction No. 8, given by the court, as prejudicial and erroneous. It reads as follows:

"You are instructed that whenever a person is arrested for reckless driving or speeding or any other violation of

the Motor Vehicle Act which does not amount to a felony, the person arrested has the right to an immediate appearance before a magistrate. If the person arrested does not demand an immediate appearance before a magistrate, the arresting officer must, upon production of the operator's license or other satisfactory evidence of identity, take the name and address of the person arrested and the number of his motor vehicle, and notify him in writing to appear at a time and place to be specified in such notice, before a magistrate of the township in which the offense is committed or before a magistrate of the township in which is located the county seat of the county in which the offense is committed. The person arrested thereupon has the right to give his written promise to appear at the time and place stated and it is thereupon the duty of the arresting officer to release him from custody.

"If the person arrested refused to give his written promise to appear, or demands an immediate appearance before a magistrate, he shall be taken forthwith before the magistrate of the township in which the offense is alleged to have been committed.

"An arrest for a misdemeanor under the motor vehicle act which is made or attempted· to be made in violation of the above rules is an illegal arrest, and the person sought to be arrested has the right to resist such unlawful arrest and to use such force as may be necessary, short of killing the officer or doing him great bodily harm.

"An officer making an arrest for a misdemeanor under the motor vehicle act has no right to demand that the person arrested get out of his automobile and has no right to attempt to remove the person arrested from his automobile. If the officer attempts to forcibly remove the person arrested from his automobile it is an illegal .act on the part of the officer which may be lawfully resisted by the person arrested."

■ This instruction contained, in addition to other matter, a correct statement of the substance of the provision of the Motor Vehicle Act prescribing the duties of an officer in arresting for misdemeanor committed under it. First, complaint is made that this instruction raises issues not presented by the information in that the only irregularity charged against the defendant is assault in making

an arrest. We do not consider that the instruction is susceptible to that criticism. It was necessary that the jury take into consideration all of the circumstances of the transaction to determine whether or not the assault charged had been committed. Even if the defendant used force against Trimble, it might well have been, under the defendant's own theory of the case, that no unlawful act was committed, for Trimble's conduct may have been such as to warrant the officer in using force. However, the decision of the question thus presented necessarily involves a consideration of the conduct of the officer prior to or at the same time that the purported resistance upon the part of Trimble was offered, for, if the officer exceeded his authority in the first instance, both by acts of commission and omission, in attempting to make this arrest, the citizen may have been within his rights in offering resistance, and if so, the assault by the officer would not have been justified, but would have been unlawful. Hence, it was proper to inform the jury as to how the law contemplates that an officer may proceed in making an arrest for the particular misdemeanor charged against Trimble. Appellant concedes that some force was used, and the question, then, is whether more force was used than was reasonably necessary. To determine that issue the jury were entitled to know both the extent and nature of the authority of the officer in making such an arrest.

Counsel argue that by all that part of the instruction which tells the jury that in making an arrest for a misdemeanor under the Motor Vehicle Act the officer has no right to demand that the person arrested get out of his automobile, the court in effect instructed the jury as to what verdict they must return, because, it is said, it was admitted that the defendant did require Trimble to get out of his car, and also that the arrest was for a misdemeanor under the Motor Vehicle Act. Merely because in a given case the jury follow the court's instructions and apply them to the admitted facts, but one verdict can be returned, does not render the instruction objectionable as directing a verdict. It occasionally happens that under the law the defendant's testimony shows him to be guilty, notwithstanding the fact that he has entered a plea of not guilty. If there were no other facts or issues in this case than those

above mentioned, to wit, that the arrest was for misdemeanor under the Motor Vehicle Act, and that the officer compelled the person arrested to get out of his car, the officer would undoubtedly have exceeded his authority and his conduct would have been illegal. However, this would not convict him of the assault with which he is here charged. Again, the evidence presented other issues, for, as appellant elsewhere argues, the officer might have wished to search for and remove weapons from the person or from the car of the person being arrested, or to investigate concerning violations of the law prohibiting possession or transportation of liquor. These considerations might have justified the removal of Trimble from his car, even though making an arrest for misdemeanor under the Motor Vehicle Act would not have authorized such procedure. But the fallacy of appellant's argument appears when it is observed that the instruction did not pretend to tell the jury what the officers might or might not do if their purpose was to do any of these things. Doubtless, if appellant had requested an instruction covering such issues the court would have given one making it plain that although an officer could not legally make an arrest for the charge here referred to otherwise than as especially prescribed by the law stated by the court; nevertheless, that if the jury believed that the officers, in compelling the defendant to get out of his car, intended to search for liquor or firearms illegally in his possession, then it would be for the jury to determine as to whether or not such compulsion on the part of the officers was reasonably necessary under the circumstances as they then existed. On the whole, we think the instruction was, in the main, properly phrased and given and in no sense prejudicial to the defendant.

The other particular in which the action of the trial court is claimed to have been erroneous is that correspondence between the attorney for the Automobile Club of Southern California and the manager of the club at Riverside, and between that attorney and Schwinn, an attorney at Riverside, should have been admitted in evidence. It appears that Trimble complained to the Automobile Club at Pasadena of his treatment by the defendant; that the representative of the club there took Trimble's statement and said that he would forward it to counsel for the Auto-

mobile Club, which was done. Thereafter the last-named attorney took the matter up with the other persons above mentioned. The purpose of the offer of these communications was to show bias upon the part of Trimble and thus to discredit his testimony. We think the objections were properly sustained, because it was not shown that Trimble authorized them or knew that they had been written. The mere fact that the action of counsel may have been calculated to be of advantage to the witness does not show bias or motive for the latter to give his testimony unless it be shown that he expressly authorized or at least was aware of what the attorney had written. On this principle evidence was held properly excluded in *People* v. *Vickroy*, 41 Cal. App. 275 [182 Pac. 764].

The notice of appeal states that the defendant, in addition to appealing from the judgment and sentence, appeals from the order of the court denying the defendant "his constitutional right of bail pending appeal." We find nothing in the record to show that the defendant applied for bail, hence this point need not be given consideration.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.