[Crim. No. 1535. First Appellate District, Division Two.—June 4, 1929.]

## THE PEOPLE, Respondent, v. ANTONE F. JORI, Appellant.

Ezra Cox for. Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with having committed a felony. (Pen. Code, sec. 288.) The defendant entered a plea of not guilty and a trial was had before the court sitting with a jury. .The jury returned a verdict of guilty, the defendant made a motion for a new trial, the motion was denied and judgment was entered on the verdict. The defendant has appealed from the order and from the judgment.

The defendant complains that certain continuances were "granted" in violation of the provisions of section 1050 of the Penal Code. The defendant entered his plea on January 21, 1929. On that date the cause was set for trial on February 6th; on that date the trial was put over to February 11th; on the eighth day of February the date of the trial was further put over until the twenty-fifth day of February; and on that date it was put over until the next day, the twenty-sixth, and at that time the trial commenced. At no time did the prosecution ask for a continuance and no continuance was "granted." The record shows facts from which it can be inferred that the trial court was busy in the trial of other criminal cases during all business hours from January 21 to February 25, 1929, both dates inclusive. The record does not show to the contrary but that each postponement was ordered by the court of its own motion. The language of section

1050 of the Penal Code contains nothing applicable to postponements which the trial court orders because the court is otherwise engaged. That section is addressed to continuances asked by one of the parties.

 The prosecuting witness was five years of age. The defendant contends that the trial court erred in allowing her to testify. The attorney-general asserts that the trial court did not err and he cites *People* v. *Reyes,* 194 Cal. 650 [229 Pac. 947]. It is closely in point. The defendant cites, and relies on *People* v. *Delaney,* 52 Cal. App. 765 [199 Pac. 896]. In that case the *voir dire* examination was conducted by the trial judge. It was very brief and did not develop the facts showing competency or incompetency under Code of Civil Procedure, section 1880, subdivision 2. Permission was denied the defendant's counsel to further develop those facts. In the instant case the defendant's counsel was not limited. We have read the *voir dire* examination and all of the testimony of the witness. We cannot say the court erred in allowing the prosecuting witness to be heard as a witness.

 The witness Thornbury, a police officer, testified that he made the arrest, took the defendant to the interview room, and there stated to the defendant the story told by the prosecuting witness. He further testified that the defendant stated that the story was not true. Over the objections of the defendant the witness was allowed to state certain questions which he thereupon proceeded to ask the defendant and to relate the defendant's answers. The defendant now claims that the objections should have been sustained. The contention is not well founded. A denial of the truth of the child's story in no way precluded an inquiry as to the defendant's remembrance of the facts.

 The defendant claims that the evidence showed the commission of the crime of rape or an assault to commit rape, but did not tend to prove an offense under Penal Code, section 288. He makes the attack by claiming the evidence was insufficient and by claiming a variance. It was stipulated that the crime of rape was not committed. The facts showed an attempt to commit rape or a violation of the provisions of section 288 of the Penal Code, depending on the intent. The evidence showing intent was conflicting. As its verdict was against the defendant the jury

believed those facts showing that the intent was to violate the provisions of section 288 of the Penal Code. Under these circumstances the verdict of the jury is binding in a court of review whether it is contended that the evidence is insufficient or that there was a variance.

▪ The trial court gave an instruction which appears in the transcript, page 125, lines 4 to 13. The defendant asserts that the instruction was erroneous because it did not recite all the facts alleged in the information. It distinctly referred to the facts "charged in the information" and that was sufficient.

▪ The court gave an instruction which appears on page 129 of the transcript, lines 5 to 11. The defendant contends that it was argumentative and should not have been given. The attorney-general replies that the instruction has been approved in this state. (*People* v. *Ramey*, 70 Cal. App. 92, 94 [232 Pac. 724].) The latter case was decided on the authority of *People* v. *Wolff*, 182 Cal. 728, 739 [190 Pac. 22]. Although not directly in point, the case last cited is determinative.

▪ The defendant complains because the trial court did not give an instruction regarding his defense of alibi. The defendant did not request an instruction on the subject and he may not now present the point for the first time.

We find no error in the record. The judgment and order are affirmed.

Koford, P. J., and Nourse, J., concurred.