[Crim. No. 2881. Second Appellate District, Division Two.—August 13, 1936.]

THE PEOPLE, Respondent, v. GRACE VAN ALSTYNE DuBOIS, Appellant.

George H. Shreve, Anna Zacsek and Paul Palmer for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Appellant was convicted after trial by jury of murder in the first degree and sentenced to life imprisonment. This appeal is from the judgment and from the order denying her motion for a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

Appellant and her son, Dr. Charles Warren DuBois, lived in a flat in the city of Los Angeles for some period prior to December 17, 1935. On this date about 10:30 A. M. appellant came out of their flat and said to the landlord of the premises, "Something terrible has happened." whereupon he went into the house and found Dr. DuBois lying on the kitchen floor dead. An examination of the body disclosed a gunshot wound in the back of his head. A revolver previously purchased by appellant was lying on the kitchen stove. It had been recently fired and there was one empty shell in its chamber.

Appellant testified that on the morning of December 17, 1935, the doorbell rang and her son, Dr. DuBois, answering it, admitted a boy. Thereafter Dr. DuBois, came into her bedroom, obtained the revolver above mentioned, and subsequently went into the kitchen with the visitor. Shortly following appellant heard a shot. She went into the kitchen and saw her son slumped over a kitchen table and the visitor standing behind him holding the revolver wrapped in towels. He said, "It was a terrible accident," whereupon appellant told him to "get the police". He left and has not been seen since.

The landlord testified that he had been working around the front of the house on the morning of December 17th and did not see anyone enter or leave the DuBois flat.

Appellant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the verdict and judgment.*

*Second:* The corpus delicti was not established.

*Third:* The trial court committed prejudicial error in instructing the jury as follows:

(a) "*A conclusive presumption, as a matter of law, is not rebuttable. Therefore the conclusive presumption that the defendant was sane and of sound mind at the time of the commission of the crime of murder as charged in the Information, is not rebuttable, and if you are convinced from the evidence beyond a reasonable doubt that the defendant did shoot and kill her son, as charged in the Information, and as defined in other instructions, then you must find the defendant guilty, even though you, as jurors, may have some doubt as to the present soundness of mind of the defendant, or some doubt as to the soundness of mind of the defendant at the time of the commission of the crime, as charged in the Information.*

(b) "*I think, under the circumstances the subject of insanity is not entirely removed. I think it is proper for counsel to argue that while the defendant is conclusively presumed to be sane to a degree that it would make the defendant responsible for acts committed by him, that does not preclude counsel from arguing that the person on trial may be afflicted with a mental disease called insanity but of a lesser degree, but that is, a degree which would not produce an excuse or a defense to a criminal charge. You may proceed.*"

(c) "*In criminal cases the proof of the moving cause is permissible, and often-times valuable, but it is never essential.*

"*If you believe from the evidence in the case, beyond a reasonable doubt, that the perpetration of the crime has been brought home to the defendant, the motive for its commission becomes unimportant. Evidence of motive is sometimes of assistance in removing doubt and completing proof which might otherwise be unsatisfactory—and that motive may be shown by positive evidence or gleaned from the facts and surroundings of the act; then proof of the motive becomes a circumstance, but nothing more than a circumstance, to be considered by the jury, and its absence is equally a circumstance in favor of the accused to be given such weight as the jury deems proper. But proof of motive is never indispensable in a criminal case.*"

*Fourth:* The trial court committed prejudicial error in refusing to instruct the jury as follows:

(a) *"You are instructed that the prosecution must prove beyond a reasonable doubt that the death of the deceased could not have been caused by an accident."*

(b) *"You are instructed that the absence of apparent motive to commit the offense charged would, upon principles of logic, create a presumption in favor of the innocence of the accused, since, in terms of logic an action without a motive would be an effect without a cause, and the jury should always take into consideration the absence of a motive as a circumstance as to whether the accused committed the offense. The presumption in favor of innocence, resulting from the absence of an apparent motive is rendered much stronger where the counteracting motive 'not to commit' the crime is shown to exist."*

(c) *"You are instructed that no jury has a right to declare forfeited the life of a defendant upon mere suspicion. Especially is this true when the facts upon which the suspicion might have been generated are entirely consistent with innocence and could exist without the defendant being guilty of the heinous offense of which she is accused. No person can be convicted of murder upon evidence which, at best, leaves the question of criminal agency in causing the death, if not reasonably doubtful, at least merely conjectural."*

*Fifth:* The jury should have been instructed relative to the law of manslaughter.

*Sixth:* The district attorney committed prejudicial error in referring in argument to the possibility that the jury might believe appellant insane.

*Seventh:* The trial court committed prejudicial error in making the following statement in the presence of the jury in response to an objection of appellant's counsel:

*"If there is any question in your mind, the court will rule at this time that the corpus delicti has been established. You may proceed."*

*Eighth*: The trial court committed prejudicial error in denying appellant's motion for a new trial on the ground of newly discovered evidence.

As to appellant's first contention, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the

findings of fact upon which the verdict of guilty was predicated. (*People* v. *Dukes, supra.*)

The second proposition upon which appellant predicates error is likewise untenable. The *corpus delicti* is established in a homicide case when there is evidence of these two elements: (1) The fact of death, and (2) that death was caused by the existence of a criminal agency. (*People* v. *Frank,* 2 Cal. App. 283, 285 [83 Pac. 578].) Evidence of both of these elements is supplied and the *corpus delicti* established upon proof of the finding of a body dead as a result of wounds which could not have been self-inflicted. (*People* v. *Coker,* 78 Cal. App. 151, 159 [248 Pac. 542].)

The instructions set forth in paragraphs (a) and (b) of appellant's third proposition were not erroneous. (Sec. 1016, subsec. 5, Penal Code.)

The instruction set forth in paragraph (c) of appellant's third proposition is likewise without error. (*People* v. *Durrant,* 116 Cal. 179, 207 [48 Pac. 75].)

Relative to the refused instruction set forth in paragraph (a) of appellant's fourth proposition, this instruction was not a correct statement of the law. The prosecution is not required to prove the negative allegation that the death of the deceased could not have been caused by an accident, but is required to prove the allegations of the information or indictment beyond a reasonable doubt.

The instruction set forth in paragraph (b) of appellant's fourth proposition was properly refused. The court fully and correctly covered the law as to motive in other instructions.

The instruction set forth in paragraph (c) of appellant's fourth proposition was also properly refused for the reason that the substance thereof was fully and correctly covered in other instructions given by the court.

Appellant's fifth proposition is untenable for the reason that it is neither necessary nor proper on a trial for murder to instruct the jury relative to manslaughter, unless there is evidence in the case tending to prove that the crime was or may have been manslaughter. (*People* v. *Farrington,* 213 Cal. 459, 465 [2 Pac. (2d) 814].) In the present case there was no evidence of manslaughter. Defendant was either guilty of murder or not guilty.

The sixth and seventh propositions presented by appellant may not be urged in this court for the reason that she did not lay the proper foundation in the trial court for review here. Unless the harmful result of the alleged misconduct of (a) the district attorney, or (b) the trial judge, cannot be obviated by appropriate instructions of the trial court, a defendant may not predicate error in this court in the absence of (1) assignment of such alleged misconduct as error, and (2) a request to the trial court to instruct the jury to disregard it. (*People* v. *Sieber,* 201 Cal. 341, 356 [257 Pac. 64]; *People* v. *Krug,* 10 Cal. App. (2d) 172, 177 [51 Pac. (2d) 445]; *People* v. *Riccardi,* 50 Cal. App. 427, 435 [195 Pac. 448]; *People* v. *MacDonald,* 167 Cal. 545, 552 [140 Pac. 256].) Appellant did not request the trial judge to instruct the jury to disregard the alleged misconduct, although any harm thereof might well have been obviated by appropriate instructions.

Appellant's final contention that the trial court committed error in denying her motion for a new trial is wholly without merit. It is well settled that the trial court's ruling denying a motion for a new trial will not be disturbed upon appeal in the absence of a showing that the alleged newly discovered evidence was unknown to appellant at the time of trial. (20 Cal. Jur. 84; *People* v. *Urquidas,* 96 Cal. 239, 242 [31 Pac. 52].) In the instant case the record discloses the fact that appellant was aware of the alleged newly discovered evidence throughout the trial, but refused to permit her counsel to introduce such evidence before the court and jury.

The judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 10, 1936.