[Crim. No. 1916. First Appellate District, Division One.—January 12, 1937.]

THE PEOPLE, Respondent, v. JACK TRACY et al., Appellants.

William J. Gloria and Joseph M. Trusty for Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellants were jointly charged by information with the crime of robbery. Prior to the commission of the offense appellant Tracy had been convicted of the crime of burglary and had served a term in San Quentin. Upon arraignment he pleaded guilty to his prior conviction, but both defendants pleaded not guilty to the charge of robbery of which they were tried by a jury and convicted. Motion for a new trial was made and denied and they were sentenced to the state prison.

Appellant Tracy urges as ground for reversal the omission of the trial court to instruct the jury upon the defense of alibi which was interposed on his behalf, and appellant Walsh contends that as to him there was no evidence to justify the jury's verdict.

The facts and circumstances surrounding the commission of the crime charged show that one George Seferovich on March 28, 1936, had charge of a grocery store at Larkin and O'Farrell Streets in San Francisco. Shortly before midnight of that day appellant Tracy entered the store, produced a gun and commanded Seferovich to put up his hands. Tracy forced him to go to the rear of the store, then taped his hands, searched him and took his money from his purse. At this time Seferovich heard some other person going behind the counter in the front part of the store. Tracy then left Seferovich, telling him, with a warning, to stand where he was. At this time a neighbor, A. P. Martin, approached the door of the grocery and called Seferovich. He noticed appellant Walsh in the store, behind the counter, searching the drawers of the cash register. Walsh asked Martin if he wanted a drink and upon being told that he did not, Walsh placed a revolver to Martin's chest. A scuffle ensued—Martin grabbed Walsh's gun and it was discharged. Police officers arrived and took the gun from Walsh and placed him in custody. Tracy was not present at this time but was subsequently apprehended and arrested at a hotel where he and Walsh had been stopping.

At the trial Tracy denied that he was implicated in the robbery and was in or near the grocery store on the night in question; he stated that shortly after 11 P. M. he met a girl friend and was with her in a certain saloon at the time of the robbery. This woman corroborated his alibi. One of the officers testified that as he started toward the grocery

a man got into an automobile and drove away. Several shots were fired at the fleeing man but he succeeded in escaping. When he was later apprehended Seferovich identified him as the man who held him up. Another police officer testified that when he accused Tracy of the robbery he at first denied having taken part in it, but later he talked freely upon the subject, stating that he had been drinking and the crime was committed on the impulse of the moment. Appellant Walsh did not take the stand. Proof was introduced that the amount of money taken from the cash register was approximately ten or eleven dollars.

■ Appellant Tracy urges as a ground for reversal that the omission of the trial court to instruct the jury upon the defense of alibi constitutes reversible error. Appellant Walsh contends there was no evidence to justify his conviction of robbery in the first degree, as at most the evidence shows an attempt to commit robbery or burglary as the crime is denounced in the code, and in consequence the judgment as to him should be modified to that of an attempt to commit the crime charged. The record does not disclose any request made by appellant Tracy for an instruction upon the subject of alibi, and he may not now for the first time present the point. Under the circumstances no error was committed in failing to give such an instruction. (*People* v. *Jori*, 99 Cal. App. 280 [278 Pac. 250].) ■ The contention of appellant Walsh is also without merit. This defendant was assisting in the perpetration of a robbery and was therefore guilty of robbery in the first degree. Moreover there was testimony to show that certain sums were removed from the cash register which he was seen rifling. There is no merit in the appeals.

The judgments and orders are affirmed.

Knight, J., and Cashin, J., concurred.