[Crim. No. 2936.   Second Appellate District, Division Two.—February 3, 1937.]

THE PEOPLE, Respondent, v. AMOS MILLER STONE, Appellant.

F. H. Bowers and George W. Zent for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.* — Defendant was convicted after trial by jury on two counts of grand theft.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

Defendant on each of two separate occasions obtained $1,000 from the complaining witness, Charles F. Reder, upon the expressed promise that the money would not be used until and unless additional sums of money were obtained from other investors for the purpose of furnishing capital for an automobile finance business, further that, if the additional capital was not obtained, the money advanced by Reder would be returned to him by defendant. The additional capital was never obtained, nor was either sum of $1,000 or any portion thereof repaid to the complaining witness.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgment.*

*Second: The trial court committed prejudicial error in adding to the following instruction the underscored words:*

*"The jury are instructed that if you find from the evidence in this case that at the time the complaining witness Reder turned over the money in question to the defendant Stone, that said money was turned over to and received by Stone as a loan, and that Stone told Reder that he was going to spend the money in question, absolutely and without limitation, as he Stone, saw fit, and Reder turned the money over to Stone after such statement by Stone, then you should find the defendant Stone not guilty of Grand Theft as charged in the information on file herein."*

*Third: The trial court committed prejudicial error in*

*(a) refusing to instruct the jury as follows:*

*"Therefor , if you find from the evidence in this case that the witness Reder loaned Stone the money and at the time of the loan intended to part with the title thereto, then under*

*that state of fact the crime of embezzlement was not committed."*

*(b) refusing to give certain other instructions requested by defendant.*

As to defendant's first contention, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdict of guilty as to each count was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The second and third propositions urged by defendant will not be considered by us for the reason that he has failed to observe the provision of rule VIII of this court requiring the party alleging error to set forth in his brief not alone the instructions which it is alleged were erroneously (a) given or (b) refused, but also *all instructions* bearing upon the subject covered by the given or refused instructions. (Rule VIII, sec. 3, Rules for the Supreme Court and District Courts of Appeal of the State of California.)

The judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 4, 1937.