[Crim. No. 2979.   Second Appellate District, Division Two.—June 21, 1937.]

THE PEOPLE, Respondent, v. SAM RAMIREZ et al., Appellants.

David C. Marcus for Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendants appeal after trial by jury from judgments of guilty of (a) robbery in the second degree, and (b) rape. They also appeal from orders denying their motions for a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

November 28, 1936, prosecutrix, Consuela Apodaca, at about 10:30 P. M., was waiting for a street car at the intersection of Gallardo and Macy Streets in the city of Los Angeles, when defendants stopped their car and forced her to accompany them, driving to the rear of a garage, where each forcibly and against her will performed an act of sexual intercourse with her and at the same time took from her a wrist watch. After the foregoing acts had taken place she escaped from them.

Defendants rely for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgments.*

*Second: The trial court committed prejudicial error in failing of its own motion to instruct the jury relative to the law on (a) the defense of alibi and (b) the lesser and included offenses.*

*Third: the trial court committed prejudicial error in giving certain instructions to the jury.*

*Fourth: The district attorney committed prejudicial error in his argument to the jury.*

As to defendants' first contention, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the judgment of guilty as to each count was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The second proposition is untenable.

(1) The law is settled that, where the record fails to disclose that defendant requested an instruction on the subject of alibi, he may not for the first time on appeal urge the

omission to instruct the jury on such defense as reversible error. (*People* v. *Tracy,* 18 Cal. App. (2d) 444 [64 Pac. (2d) 166]; *People* v. *Jori,* 99 Cal. App. 280, 283 [278 Pac. 250].)

■ The same rule of law applies relative to instructions regarding lesser and included offenses. (*People* v. *Welsh,* 7 Cal. (2d) 209 [60 Pac. (2d) 124].)

In the present case defendants failed to request instructions relative to either of the foregoing subjects.

■ The alleged errors in giving instructions claimed in defendants' third proposition may not be urged in this court for the reason that (a) one of the instructions was given at the request of defendants and the law is settled that an appellate court will not consider errors in an instruction given at the request of the complaining party (2 Cal. Jur. 848; 1 Cal. Jur. Ten-year Supp. 511), and (b) defendants have failed to observe the provisions of rule VIII, section 3, of this court, requiring the party alleging error to set forth in his brief not alone the instructions which it is alleged were erroneously given but also *all* instructions bearing upon the subject covered by the given instructions. (Rule VIII, sec. 3, p. 10, Rules for the Supreme Court and District Courts of Appeal; *People* v. *Stone,* 19 Cal. App. (2d) 91 [64 Pac. (2d) 981].)

■ Defendants' final contention may not be urged in this court for the reason that the proper foundation was not laid in the trial court for review here. Unless the harmful result of the alleged misconduct of the district attorney cannot be obviated by appropriate instructions of the trial judge, a defendant may not predicate error in this court on such alleged misconduct in the absence of (1) assignment of such misconduct as error, and (2) a request to the trial court to instruct the jury to disregard it. (*People* v. *Krug,* 10 Cal. App. (2d) 172, 177 [51 Pac. (2d) 445]; *People* v. *Sieber,* 201 Cal. 341, 356 [257 Pac. 64].) Defendants did not assign the alleged misconduct as error or request the trial judge to instruct the jury to disregard it, although the harm, if any, might well have been obviated by appropriate instructions.

The judgments and orders are and each is affirmed.

Crail, P. J., concurred.