[Crim. No. 3013.  Second Appellate District, Division Two.—September 23, 1937.]

THE PEOPLE, Respondent, v. CLIFFORD BOYLE et al., Defendants; JAMES JOHNSON, Appellant.

William W. Larsen for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of robbery in the first degree.  This appeal is from the judgment and order denying his motion for a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts are:

March 27, 1937, defendant and two associates armed with a deadly weapon entered Joseph Haston's store in the city of Los Angeles and took from his cash drawer approximately $45.

Prior to the time the case was called for trial defendant's attorney had a tentative agreement with the district attorney's office that in consideration of defendant's testifying against his codefendants he would be permitted, if agreeable to the court, to enter a plea of guilty to second degree rob-

bery. After the jury had been impaneled and defendant's counsel had failed to examine the jurors or exercise any peremptory challenges, it developed that the trial court would not accept defendant's plea of guilty to robbery in the second degree. Defendant then made a motion to have the jury discharged, which was denied.

██ This is the sole question presented for our determination:

*Was defendant deprived of his right to examine the jurors and to peremptorily challenge them?*

This question must be answered in the negative. It is settled that a defendant in a criminal case may waive his right to question prospective jurors and to exercise the peremptory challenges allowed him by law. This defendant did in the instant case. The affidavit of his attorney on a motion for a new trial reads in part as follows:

"that on the day of the trial at the time the jury was being impaneled Richard A. Haley, as attorney for the defendant James Johnson, waived all right to examine the jury for cause and waived all peremptory challenges upon the assumption that the said James Johnson would plead guilty to second degree robbery".

The fact that defendant's counsel was motivated by the belief that his client would be permitted to plead guilty to second degree robbery is immaterial, as he was undoubtedly aware that any such plea must first meet with the approval of the judge presiding at the trial.

No errors appear in the record.

Therefore, the judgment and order appealed from are and each is affirmed.

Crail, P. J., and Wood, J., concurred.