[Crim. No. 2023.   First Appellate District, Division Two.—October 11, 1938.]

THE PEOPLE, Respondent, v. NELLIE DELGADO, Appellant.

John D. Foley, Dante Giannini and D. C. Kirby for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary and F. Walter French, Deputies Attorney-General, for Respondent.

SPENCE, J.—An information was filed charging Frank Delgado and Nellie Delgado with the murder of Bernardo Soliz. Frank Delgado entered a plea of guilty and was sentenced to life imprisonment. Nellie Delgado entered a plea of not guilty and had a jury trial. The jury returned a verdict finding her guilty of murder in the first degree and fixing her punishment as life imprisonment. She appeals from the judgment of conviction and from the order denying her motion for a new trial.

Bernardo Soliz was shot and killed by Frank Delgado in the corridor of the county courthouse in San Jose. The shooting occurred within a few minutes after Soliz had been acquitted on a charge of murdering Cirilio Delgado, who was the brother of defendant Frank Delgado and the husband of defendant Nellie Delgado. It is stated by respondent that the motive for the killing was the dissatisfaction which defendant Frank Delgado entertained when the jury acquitted Soliz whose story of self-defense had apparently been believed by the jury which tried his case. It is conceded by respondent that the conviction of defendant Nellie Delgado depended upon proof of such participation on her part as would make her a principal under the provisions of section 31 of the Penal Code, which reads in part as follows: "All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed."

The testimony as to the claimed participation of defendant Nellie Delgado was highly conflicting. Four witnesses were called by respondent to prove such participation, each of whom was either friendly with the deceased or his family or was unfriendly to appellant. Said witnesses were in the vicinity of the shooting and testified that defendant Nellie Delgado handed a pistol to defendant Frank Delgado immediately before the shooting took place. On the other hand, three witnesses called by the defense were also in the vicinity and they testified that Nellie Delgado did not hand any pistol to Frank Delgado. Nellie Delgado denied any prior knowledge of or participation in the shooting and her testimony was corroborated by that of Frank Delgado.

It thus appears that while there was ample evidence to sustain the conviction, there was abundant evidence to cast doubt upon the testimony given by witnesses called by respondent. There were also circumstances in evidence for the consideration of the jury. Nellie Delgado was standing in the corridor, carrying her infant daughter on her left arm and with her small son standing close by her side. Numerous persons were in the corridor at the time but only four, who were not wholly disinterested, testified regarding any participation by Nellie Delgado. The testimony shows that no outcry was made by anyone from the time Nellie Delgado was alleged to have passed the pistol to Frank Delgado until after the shooting took place. It also appears that Frank Delgado owned the pistol; that he had put it in his overcoat pocket that morning; and that immediately after the shooting, thirteen shells were taken from a pocket of said overcoat which he was wearing. The foregoing facts and circumstances are set forth for the purpose of showing that a close case was presented by the evidence and that the alleged errors and irregularities in the proceedings should therefore be most carefully scrutinized.

Appellant states four grounds for reversal. First, prejudicial misconduct of the district attorney; second, prejudicial error in decisions of law arising during the trial; third, prejudicial error in giving of certain instructions to the jury; and fourth, prejudicial error in the refusing of certain instructions requested by appellant.

There are numerous assignments of misconduct on the part of the district attorney but we need not discuss

all of them. Some of the remarks of the district attorney to which reference is made clearly fell within the range permitted in argument to the jury. There are others which were not assigned as misconduct at the time and were not of such nature as to permit their consideration on appeal in the absence of such assignment. On the other hand, there are certain assignments before us which require further consideration. The district attorney appears to have been convinced of the guilt of the appellant and to have been further convinced that the appellant had previously engaged in criminal activities. He therefore sought to convey his impressions to the jury but we find no evidence in the record to support his statements relating to certain prior acts of said appellant. He stated at one point that appellant had carried a gun on other occasions and, in referring to the killing some years earlier of the brother of Benita Cisneroz, a witness for the prosecution, he stated, "you can draw the conclusion that Nellie had something to do with that". He also stated, "You don't put anything beyond a woman like Nellie Delgado, don't you think it", and shortly thereafter, he said, "Women of the class of the defendant have children, not because of what children mean to you and me; they have them as a means to an end, and they use them in their unlawful business." In so far as these statements purported to be statements of fact, they were wholly unsupported by the record and in so far as they purported to be argument, they went beyond the scope of legitimate argument under the circumstances. They were injected into the cause for the obvious purpose of prejudicing appellant in the eyes of the jury. Such remarks constituted misconduct and there can be little doubt that they were prejudicial, even though the trial court in some instances admonished the jury to disregard them. As was said in *People* v. *Podwys*, 6 Cal. App. (2d) 71, at page 75 [44 Pac. (2d) 377], "We are convinced that the misconduct of the district attorney weighed heavily against the defendant and may have brought about his conviction. The error has, therefore, resulted in a miscarriage of justice entitling the defendant to a new trial."

There are other grounds, however, which we believe require a reversal. The trial court instructed the jury as follows: "If, therefore, you are convinced beyond a reasonable doubt and to a moral certainty that the defendant

Nellie Delgado was concerned in the commission of the crime charged, *or* aided and abetted in its commission, *or* advised and encouraged its commission, it will be your duty to return a verdict of guilty.'' (Italics ours.) This was a formula instruction but it incorrectly advised the jury with respect to the provisions of the above-quoted section 31 of the Penal Code. That section in substance provides that principals are those ''concerned in the commission of a crime'' whether (1) directly by committing the act itself or (2) indirectly by aiding or abetting, or by advising and encouraging the commission of the act. The instruction called for a verdict of guilty if the jury found that appellant was in any way ''concerned in the commission of the crime charged''. The word ''concerned'' is one of broad significance and is defined, among other things, to mean ''interested''. (Webster's New International Dictionary, 2d ed.) The instruction, given in the alternative, did not confine the word ''concerned'' to aiding and abetting or to advising and encouraging as provided in said section. Under the peculiar circumstances presented by the record, we believe the error in the giving of said instruction was prejudicial. It is possible that the error might have been cured by the giving of certain instructions on the subject which were proposed by appellant, but such instructions were refused by the trial court.

█ The trial court further instructed the jury as follows: ''If you are convinced that said *defendants* were armed with a deadly weapon capable of being concealed upon the person at the time of the commission of the offense charged, without having a license to carry such firearm, then I instruct you that the Deadly Weapon Act of the State of California provides as follows: 'In the trial of a person charged with committing or attempting to commit a felony against the person of another while armed with any pistol, revolver or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, the fact that he was so armed shall be *prima facie* evidence of his intent to commit such felony.' The Court instructs you that the meaning of this statute is that if the *defendants* were so armed that fact standing alone and uncontradicted is sufficient evidence upon which to find that the *defendants* so armed intended to commit

the crime charged. You are further instructed that it is for the defendant to prove that she had a license to carry such weapon." (Italics ours.)

Substantially the same instruction was condemned in *People* v. *Murguia,* 6 Cal. (2d) 190 [57 Pac. (2d) 115]. The instruction before us, however, is objectionable on grounds other than those discussed in the cited case. It will be noted that it was to be applied by the jury if the *"defendants* were armed with a deadly weapon". The jury no doubt understood the trial court to refer to Frank Delgado and Nellie Delgado when it used the word "defendants". The effect of the instruction was to make it applicable to Nellie Delgado in the event that Frank Delgado was so armed. This last-mentioned fact was not disputed. Furthermore, the instruction assumed that appellant herself was so armed, for it included the provision "You are further instructed that it is for the defendant to prove that she had a license to carry such a weapon." We therefore conclude that the giving of said instruction constituted prejudicial error.

In view of the foregoing conclusions, we deem it unnecessary to discuss the other assignments of alleged error and of alleged misconduct. Suffice it to state that we have examined these other assignments, but do not believe that the alleged errors and misconduct set forth therein would have constituted ground for reversal.

The judgment and order denying the motion for a new trial are reversed and the cause is remanded for a new trial.

Nourse, P. J., and Sturtevant, J., concurred.