[Crim. No. 3421.   Second Dist., Div. Two.—June 4, 1941.]

THE PEOPLE, Respondent, v. MARVIN F. FLINT, Appellant.

Beecher S. Stowe for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty of manslaughter after trial before a jury defendant appeals. There is also an appeal from the order denying his motion for a new trial.

The evidence being viewed most favorably to the people (respondent), the essential facts are:

July 20, 1940, Charles M. Andreason was employed at Riley's Pool Hall in Bell, California. His duties included, among others, tending bar and making collections from card and pool games. Shortly after 11:00 p. m. Mr. Andreason told defendant to "check out" of a poker game in which he was engaged. Thereupon a discussion ensued between Mr. Andreason and defendant, followed by a scuffle between the two men, during the course of which defendant with a knife stabbed Mr. Andreason in the abdomen, causing his death.

Defendant relies for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the judgment that defendant was guilty of voluntary manslaughter.*

*Second: The trial court committed prejudicial error in (a) Instructing the jury, and (b) Refusing to give instructions requested by defendant.*

Defendant's first proposition is untenable. An examination of the record discloses substantial evidence considered in connection with the inferences which the jury may have reasonably drawn therefrom to sustain the jury's implied finding of the facts set forth above, together with each and every material finding of fact upon which the judgment was necessarily predicated. Several eyewitnesses testified to the recited facts in the case. An appellate court will not attempt to determine the weight of the evidence but will decide on the face of the evidence whether it can be held that sufficient

facts could have been found by the jury to warrant the inference of guilt. If the circumstances reasonably justify the verdict of the jury, the opinion of the appellate court that those circumstances might also reasonably be reconciled with the innocence of the defendant, will not justify the appellate court in interfering with the determination of the jury (*People v. Pianezzi*, 42 Cal. App. (2d) 270, 277 [108 Pac. (2d) 685]). In the instant case, from the facts outlined above, it is evident that the jury may have reasonably concluded that defendant killed the deceased upon a sudden quarrel and hence was guilty of manslaughter as defined in section 192, subsection 1 of the Penal Code.

The second proposition urged by defendant will not be considered by us for the reason that he has failed to observe the provisions of rule VIII, section 3 of this court requiring the party alleging error to set forth in his brief, not alone the instructions which it is alleged were erroneously (a) given or (b) refused, but also *all* instructions bearing upon the subject covered by the given or refused instructions (rule VIII, sec. 3, Rules for the Supreme Court and District Courts of Appeal, 213 Cal. xlvii; *People v. Stone*, 19 Cal. App. (2d) 91, 93 [64 Pac. (2d) 981] ; *People v. Ramirez*, 21 Cal. App. (2d) 466, 468 [69 Pac. (2d) 913]).

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood, J., concurred.