[Crim. No. 3558.   Second Dist., Div. Two.   Apr. 28, 1942.]

THE PEOPLE, Respondent, v. CLARENCE FITZGER-ALD, Appellant.

Walter L. Gordon, Jr., for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before the court without a jury defendant was convicted of assault with a deadly weapon with intent to commit murder.

Viewing the evidence in the light most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

On the morning of October 30, 1941, appellant told his wife that "she had better be praying." About 7:30 that evening he left the house leaving his wife and daughter alone. About twenty minutes later he returned and called to his wife to open the front door, as his key would not work. She asked him what he wanted and he merely told her to open the door. Upon her refusal to open it, he fired a shot through the front door. He then poked the barrel of his gun through the hole in the glass and, pointing the gun in her direction, fired a second shot.

Defendant relies for reversal of the judgment on the proposition *that there is no substantial evidence to sustain the finding that defendant had the specific intent to murder his wife.*

This proposition is untenable. We have examined the record and are of the opinion that there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the findings of fact herein mentioned and each and every other material finding of fact upon which the judgment was predicated, including the specific intent on defendant's part to murder his wife; for example, there was direct testimony by eyewitnesses tending to establish the facts set forth above. In addition defendant's wife testified that at least twice on the day in question "he [defendant] had been telling me all

day he was going to kill me; that I had better be praying.'' The record is free from error.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.