[Crim. No. 3896. Second Dist., Div. Three. Sept. 18, 1945.]

THE PEOPLE, Respondent, v. EDWARD ISIAC JACKSON, Appellant.

Alexander L. Oster for Appellant.

Robert W. Kenny, Attorney General, and Walter L. Bowers, Assistant Attorney General, for Respondent.

DESMOND, P. J.—The defendant Jackson and his codefendant Hoover were convicted by a jury of second degree robbery. Jackson appeals upon the grounds that the evidence

was insufficient to sustain the judgment, that the court committed error in instructing the jury and also failed to instruct the jury *sua sponte* on the law pertaining to alibi.

The complaining witness Henry M. Strand testified that around midnight of July 12, 1944, while he was driving home in his automobile from Los Angeles to Lynwood on Atlantic Avenue, he noticed two sailors standing on the street corner in front of a market; that he pulled up to the curb, stopped and offered them a ride. He identified the two defendants as the persons who accepted his invitation. Hoover took his place in the front seat of the automobile, sitting next to Strand, Jackson sitting on the outside next to the door. After proceeding south along Atlantic Avenue for approximately two and one-half miles, the defendants told Strand to pull over to the curb. Strand did not pull over to the curb but did pull off the center of the highway and stopped. Hoover said, "Now, you get out; we are going to take your car." Strand then shut off the motor, unlatched the door, stuck his left foot out on the running board and grabbed the ignition keys. Hoover told him to leave the keys, and grabbed his arm; but Strand snapped the ignition key in two and dropped the bunch of keys on the floor. Hoover then ordered Strand to hand over his wallet, but the latter refused and started to get out of the car. Hoover grabbed him and pressed him against the wheel, whereupon Jackson started beating Strand over the head with his fists. After a somewhat lengthy struggle in which Strand was beaten and bloody upon his head and almost rendered unconscious, he finally said, "I give up; I will give it to you, let go of this hand so I can get it." Jackson, however, said, "Use your other hand," and thereupon Strand tossed the wallet into their laps. (He testified that the wallet contained $14 in currency, being a $5.00 bill and nine $1.00 bills.) Strand then left his automobile and ran into a nearby building, seeking the aid of workmen who were there employed and returned with them to the automobile. The defendants left the scene, escaping in the darkness. They were picked up by police officers on Atlantic Boulevard half a mile south of where the robbery took place, about 1:30 that morning. They presented a disheveled appearance with blood stains on their jackets, mud on their shoes and one of them had a cut under his chin and dried blood on his face. The officers took the $14 in currency from

the person of Hoover. Both defendants denied at their trial that they participated in the robbery and claimed that at the time it was committed they were on North Main Street in Los Angeles several miles from the scene of the crime and at that time and place engaged in a controversy with three marines, one of whom was with Prudence Baca, claimed by Hoover. as a friend. They produced no witness to substantiate the claimed alibi and Prudence Baca, taking the stand, denied their story *in toto*.

█ In support of his claim that the evidence was insufficient to sustain the judgment, appellant asserts that there is nothing in the record to show that he attempted to take the automobile or that he tried to take the wallet. He argues that all the conversations about the keys, the car, and the wallet came from his codefendant Hoover. He claims that there was no evidence produced from which an inference could be drawn that he entered the automobile with intent to deprive the owner of it or of his wallet. It is altogether immaterial whether the intent arose before he entered the automobile or after he entered. █ The fact that Hoover ordered Strand to get out of the car, stating, "we are going to take your car," and then while he held Strand, Jackson proceeded to beat their victim, certainly shows criminal intent on the part of each. In addition, we note from the record that this appellant was down on the floor of the car looking for the ignition keys, demanding to know where they were, then found them and then grabbed Strand. Also, that when Strand finally gave up and said he would give him the wallet if they would let go of his hand so he could get it, the appellant instructed him, "Use your other hand."

█ Appellant also contends that he was not sufficiently identified as a participant in the robbery, pointing out that the night was quite dark and that the defendants were dressed in the uniform of sailors which might easily cause a mistake in identification because of the number of sailors travelling upon the public highways. But the matter of identification was one to be passed upon by the jurors and, considering all the facts of this case, we do not question the accuracy of their judgment. Among these facts may be noted the opportunity which Strand had to observe the features of his assailants at close quarters, the amount and denominations of the currency found upon Hoover when the officers arrested the two defendants and the bloodstains then found on the jackets of each.

■ In view of the incidents cited it is clear that the jury was justified in finding both defendants guilty as principals and that the instruction which appellant Jackson claims was erroneous was altogether appropriate. It is based on section 31 of the Penal Code and reads as follows:

"The Court further instructs the jury, that it is the law of this State, that all persons concerned in the commission of a crime, whether they directly committed the act constituting the offense, or knowingly and with criminal intent aided and abetted in its commission, shall be prosecuted, tried and punished as principals, and are equally guilty."

The appellant contends that an instruction in substantially the same language was held to be reversible error in *People* v. *Delgado* (1938), 28 Cal.App.2d 665, 667 [83 P.2d 512]. One needs only to read the comment of the court in the Delgado case, appearing in item [2] at page 668 and summarized in the second paragraph of the syllabus, to see that the language of the instruction was not substantially the same as used in the instant case.

■ The claim of appellant that prejudicial error arose when the court permitted the case to go to the jurors without instructing them on the law pertaining to alibi, even though no such instruction was requested, rests upon the decisions in *People* v. *Warren* (1940), 16 Cal.2d 103, 117 [104 P.2d 1024], and *People* v. *Putnam* (1942), 20 Cal.2d 885, 890 [129 P.2d 367]. In the first of these cases the Supreme Court reversed the conviction of Warren and remanded the cause for a new trial for the reason that the court failed to instruct the jury on the subject of what constitutes an accomplice and the necessity for corroboration of the testimony of an accomplice. No request was made of the trial judge for instruction on these points which, under the circumstances of the case, impressed the Supreme Court as vital on the question of the sufficiency of the evidence to sustain the conviction. We note in this connection the comment of the court that failure to advise the jury on the technical rule relative to accomplice testimony negatives the view that the court fully and fairly charged the jury upon the law appertaining to the facts of the case. In the Putnam case, *supra,* the defendant was convicted of lewd conduct with a minor and his motion for a new trial denied, but the Supreme Court reversed the judgment and order, holding that under the circumstances a proper

cautionary instruction should have been given by the court on its own motion, when rejecting one improperly drafted which defendant had requested. In that opinion it is pointed out that ''An instruction is necessary if it is vital to a proper consideration of the evidence by the jury'' and a number of cases involving various types of crime are cited as instances where the necessity for an instruction *sua sponte* existed. Among them we find none involving a claimed alibi and see no reason, under the facts of the instant case, to inaugurate a departure from the settled rule cited by respondent that ''where the record fails to disclose that defendant requested an instruction on the subject of alibi, he may not for the first time on appeal urge the omission to instruct the jury on such defense as reversible error; and where no request for such instruction is made no error is committed in failing to give such an instruction. (*People* v. *Jori,* 99 Cal.App. 280, 283 [278 P. 250]; *People* v. *Tracy,* 18 Cal.App.2d 444, 446 [64 P.2d 166]; *People* v. *Ramirez,* 21 Cal.App.2d 466, 467-468 [69 P.2d 913]; *People* v. *Keilly,* 54 Cal.App.2d 764, 767 [129 P.2d 939].)''*

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurrred.

Appellant's petition for a hearing by the Supreme Court was denied October 18, 1945.

---

*See, also, *People* v. *Whitson,* 25 Cal.2d 593, 603 [154 P.2d 867].