[Crim. No. 4058.   Second Dist., Div. Three.   Apr. 17, 1947.]

THE PEOPLE, Respondent, v. FRANK C. DUNLOP et al., Appellants.

Lorrin Andrews, Randolph Weltner and Morris Lavine for Appellants.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

KINCAID, J. pro tem.—By information, the appellants Dunlop and Lilly, together with their codefendant, William J. Finley, were charged with the crime of robbery, a felony, which crime was alleged to have been committed in Los Angeles County on or about the 14th day of January, 1946. Dunlop was also charged therein with four prior convictions, Lilly with three prior convictions, and Finley with two prior convictions. Each defendant entered a plea of not guilty of the crime of robbery, but each defendant admitted the prior convictions as charged in the information. After trial by jury, each defendant was found guilty of robbery in the first degree. Motions for new trial followed, which were denied, and each defendant was adjudged to be an habitual criminal and sentenced to the State Prison accordingly. The defendants Dunlop and Lilly appeal from the order denying their motions for new trial and from the judgment of conviction.

The evidence shows that the robbery took place at approximately 10:45 a. m., on January 14, 1946, in the office of a bowling alley, the office being on the second floor of the build-

ing which housed the alleys: Each of the defendants entered the office and was armed with and exhibited a revolver. Money was forcibly taken, both from the person of one of the owners of the bowling alley and from the office safe. The defendant Finley was captured at the scene of the crime, and Dunlop and Lilly were apprehended elsewhere shortly thereafter. Each of the defendants was positively identified, both at and near the scene of the crime, by several witnesses. The defense of the defendants Dunlop and Lilly was an alibi.

### APPEAL OF BUD LILLY

Appellant Lilly contends, as his one point on appeal, that the trial judge committed prejudicial errors of omission and commission in instructing the jury with regard to the evidence of alibi which he produced.

After fully and completely instructing the jury as to the doctrine of reasonable doubt and burden of proof, the following instructions on the subject of alibi were given by the court: "The burden of proving the presence of the defendant, at the time and place of the alleged crime, devolves upon the state, and the state must prove beyond a reasonable doubt that he was present at the time of the alleged commission of the offense. It does not devolve upon the defendant to prove that he was not present." "An alibi means that the defendant was at another place at the time the crime charged is alleged to have been committed. All the evidence should be carefully considered by you, and if the evidence on the subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant on that particular count, you should acquit him. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed." No other instruction on the subject of alibi was offered by Lilly, or either of his codefendants, or given by the court.

Appellant Lilly contends that the instructions so given were misleading and erroneous. He argues that the court should, of its own motion, have instructed the jury more specifically "to acquit unless convinced beyond a reasonable doubt that the defendant was at the place charged at the hour when the People's evidence shows the crime to have been committed, because, in such cases, time is a material fact and factor" and the commission of the offense charged

during the time the People's evidence shows the crime to have been committed is an essential element of the crime requiring an instruction by the court on its own motion, even though no such instruction was submitted or requested by the defendant.

■ The rule in California is well established that, although substantial alibi evidence may be given by the defense, in the absence of any request for an instruction in respect thereof, it is not the duty of the trial court to give a specific charge upon that subject. (*People* v. *Whitson* (1944), 25 Cal.2d 593, 603 [154 P.2d 867]; *People* v. *Foster* (1926), 198 Cal. 112 [243 P. 667]; *People* v. *Jori* (1929), 99 Cal. App. 280, 283 [278 P. 250]; *People* v. *Tracy* (1937), 18 Cal. App.2d 444, 446 [64 P.2d 166]; *People* v. *Ramirez* (1937), 21 Cal.App.2d 466 [69 P.2d 913]; *People* v. *Keilly* (1942), 54 Cal.App.2d 764 [129 P.2d 939]; 118 A.L.R. 1303.)

As was said in *People* v. *Whitson, supra,* at pages 603, 604: "Neither do we perceive any valid reason why the fact that an alibi is offered by one defendant and not by another should change the general rule. In the case of *People* v. *Tracy, supra,* which involved a similar situation, the general rule was held applicable. And if the sole defense of a defendant is an alibi, it would seem that less reason exists for requiring an alibi instruction on the court's own motion, since the general instructions regarding reasonable doubt, burden of proof, etc., would apply directly to the only defense, and there could exist no possibility of confusion."

■ The general instructions on the subject of alibi in the instant case, particularly when considered with the general instructions given regarding reasonable doubt and burden of proof, under the conditions here existing properly charged the jury as to this phase of the case. (*People* v. *Notz* (1946), 73 Cal.App.2d 439, 440, 441 [166 P.2d 607].)

## APPEAL OF FRANK C. DUNLOP

■ The appellant Dunlop contends, as his first point on appeal, that the court committed error in failing to give an instruction of its own motion defining grand theft and kindred lesser offenses included in the crime of robbery, even though no such instruction was offered by this appellant or his codefendants. He argues that such an instruction is one on the general principles of law pertinent to this case making it incumbent upon the court to give it of its own motion. He relies upon the case of *People* v. *Best* (1936), 13 Cal. 2d 606 [57 P.2d 168], in support of this contention. In

that case the defendant was charged with murder, the jury was instructed that manslaughter was an included offense, a form of verdict of manslaughter was given the jury, but no instruction was given defining the crime of manslaughter, even though one was offered by the prosecution. In that case it was held to be prejudicial error for the court to have failed to instruct the jury on the definition of manslaughter. In the instant case no instruction was given by the court concerning any lesser but included offense, nor that the jury could find the appellant guilty of any crime excepting robbery, which was fully defined, and no instruction was here offered by anyone in the case relating to included or lesser offenses. Where, as here, the record fails to disclose that the defendant requested an instruction regarding lesser and included offenses, he may not for the first time on appeal urge the omission to instruct the jury thereon, as reversible error. (*People* v. *Welsh* (1936), 7 Cal.2d 209, 211 [60 P.2d 124]; *People* v. *Coleman* (1942), 53 Cal.App.2d 18, 26 [127 P.2d 309]; *People* v. *Ramirez, supra,* 21 Cal.App.2d 466, 468 [69 P.2d 913].)

Appellant Dunlop next urges that the district attorney was guilty of prejudicial misconduct, in two instances, in his closing argument to the jury  The substance of the first remark, of which complaint is now made, is that if the jury should let the defendant go he might rob again and if someone is killed in the commission of that crime the blood will be on the jury's hands.  No objection nor assignment of error was made to the remark at the time of its utterance and no request was made of the court to instruct the jury to disregard it. The second remark concerned the failure of the defendant Dunlop to take the stand in his own defense but in lieu thereof his reliance upon the eloquence and ability of his attorney to confuse and befuddle the jury.  Counsel for Dunlop did object to the remark and assign it as error, but failed to request the trial judge to admonish the jury to disregard it.

While a prosecuting officer should not overstep the bounds in his argument to the jury we are of the view that no prejudice could have resulted from the remarks here complained of even if we should concede, without deciding, that such remarks were intemperate and might well have been left unuttered.  In our opinion, the result in this case would have been the same if there had been no argument.  The case against this appellant was not a close one.  He was identified as one of the perpetrators of the robbery by three eye wit-

nesses, he was seen in the building with the other two defendants shortly before the robbery occurred, and running out of this same building where the robbery was committed with a handkerchief to his chin following its commission.

The only evidence offered by this appellant in his own defense was that of a Mr. Brown, who testified that he had seen Dunlop on the street in Wilmington at about 10:30 on the morning of January 14, 1946, and had talked with him there for 20 or 25 minutes. He then admitted that he was vague about the time of the meeting.

In any event the appellant Dunlop did not lay a proper foundation at the trial for a review of the claimed prejudicial statements of the district attorney. As was stated in *People v. DuBois* (1936), 16 Cal.App.2d 81, 87 [60 P.2d 190] : "Unless the harmful result of the alleged misconduct of . . . the district attorney . . . cannot be obviated by appropriate instructions of the trial court, a defendant may not predicate error in this court in the absence of (1) assignment of such alleged misconduct as error, and (2) a request to the trial court to instruct the jury to disregard it." In view of the foregoing statement as to the strong condition of the evidence with reference to the culpability of this appellant it is our opinion that this is not a case whereby any harmful result of the claimed misconduct could not easily have been obviated by an instruction to disregard them. It was the duty of counsel for defendants to have requested an admonition to the jury to disregard the objectionable remarks and this was not done. We may not now assume that the trial judge would have refused such a request nor that the jury would not have followed such an admonition. Under these circumstances there is no foundation for the assignment of error. (*People v. Knott* (1940), 15 Cal.2d 628, 633 [104 P.2d 33] ; *People* v. *Chilcott* (1937), 18 Cal.App.2d 583, 589 [64 P.2d 450].) The record discloses, additionally, that the jury were fully instructed concerning their duty to consider only the evidence presented during the trial and that they were to be careful not to regard statements of counsel as evidence.

The judgments and the orders denying the motions for a new trial are affirmed.

Shinn, Acting P. J., and Wood, J., concurred.