[Crim. No. 351.    Department One.—March 9, 1898.]

## THE PEOPLE, Respondent, v. EZRA N. COKAHNOUR, Appellant.

CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER OF TIME TO PREPARE—WRITTEN ACKNOWLEDGMENT OF OFFENSE—MOTION TO SET ASIDE INFORMATION.—Though a defendant accused of felony cannot altogether waive a preliminary examination, he may waive time to prepare for such examination, and ask that it be proceeded with at once, and upon being informed of the charge against him, and·his rights in the premises, he may voluntarily make a written confession or statement before the magistrate, acknowledging the commission of the offense, and this is competent and sufficient evidence upon which to hold him to answer, without swearing other witnesses to prove the facts confessed; and a motion to set aside the information in such case on the ground that the examination was waived, and that no witnesses were sworn, and that the defendant was not legally examined and committed, is properly denied.

ID.—EVIDENCE—WRITTEN CONFESSION—ORAL DECLARATION OF DEFENDANT.—The written confession of the defendant made upon the preliminary examination is admissible in evidence against him, and it is no objection to its admissibility that it appeared to have been made by defendant under a state of great excitement; but such written confession is not the best evidence of anything but its own contents, and does not preclude the admission of oral evidence of statements and declarations made by defendant other than those contained in his written confession.

ID.—OBJECTIONABLE QUESTIONS OF PROSECUTING OFFICER—CENSURABLE CONDUCT—ACTION OF COURT—INSUFFICIENT GROUND OF REVERSAL.—The conduct of the prosecuting officer, in asking impertinent and objectionable questions of defendant with reference to his domestic relations, is censurable; but where objection thereto was in each instance promptly sustained by the court, and no material injury appears to have resulted to the defendant, such conduct is not ground of reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial and denying a motion in arrest of judgment.  B. N. Smith, Judge.

The defendant was charged with the crime of arson, committed at Duarte, in the county of Los Angeles, April 12, 1897. Further facts are stated in the opinion of the court.

William T. Blakeley, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

VAN FLEET, J.—The objection that defendant was not legally examined and committed before information filed is untenable; and the motion to set aside the information on that ground was properly denied. The case of *Kalloch v. Superior Court*, 56 Cal. 229, is not in point. In that case the defendant attempted to waive examination and it was held this could not be done; that the statute contemplates an examination as a basis of commitment. In this case there was no waiver or attempt to waive the "examination." All that defendant waived was time to prepare for examination, and asked that it be proceeded with at once; which was done. The objection that the proceedings did not constitute an examination because no witnesses were sworn is not well founded. Upon being informed of the charge against him, and his rights in the premises, the defendant voluntarily made a written confession, or statement, before the magistrate, acknowledging the commission of the offense. This was competent and sufficient evidence upon which to hold him to answer. It was not necessary to swear witnesses to prove facts which the defendant voluntarily confessed.

There is no substantial merit in the other points made. It was not error to admit oral evidence of statements and declarations made by defendant other than those contained in his written confession. The latter was not the best or any evidence of anything but its own contents. Nor was it any objection to the admission of the written confession that it appeared to have been made by defendant under a state of great excitement. This fact might affect its consideration by the jury, but not its admissibility.

The conduct of the assistant district attorney in asking certain impertinent and objectionable questions of defendant with reference to his domestic relations, was certainly censurable; but objection thereto was in each instance promptly sustained by the court, and we are unable to see wherein any material injury could have resulted to defendant.

The other objections to rulings on evidence do not call for particular notice as they involve no error; nor was there any error in the giving or refusing of instructions.

The judgment and order appealed from are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.