[Crim. No. 2258.   Second Appellate District, Division One.—March 23, 1933.]

THE PEOPLE, Respondent, v. LLOYD W. DYE, Appellant.

Catherine A. McKenna and J. Irving McKenna for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Upon conviction of murder in the first degree the defendant was sentenced to imprisonment for the term of his natural life. He appeals from the judgment and from the order denying his motion for a new trial.

As a result of a former trial this defendant was convicted of murder in the second degree. On appeal to this court from the judgment and from an order denying motion for a new trial the judgment and order were reversed. (*People* v. *Dye,* 119 Cal. App. 262 [6 Pac. (2d) 313].)

■ At the opening of the second trial defendant moved to dismiss the action, and that he be discharged from custody, on the ground that the District Court of Appeal had reversed the judgment without ordering a new trial. Appellant now contends that the court erred in denying the motion, and relies upon *In re Hampton,* 98 Cal. App. 480 [277 Pac. 170], and the provisions of the Penal Code mentioned in that decision. The point is without merit. The decision in the Hampton case merely declared that where the appeal is from the judgment alone, and where the court reverses the judgment without making any order concerning the subject of new trial, such reversal operates as a final determination of the action. The former appeal in this case not only reversed the judgment, but also reversed an order denying motion for new trial and thereby, in effect, ordered a new trial.

■ Next, it is contended that because the jury at the former trial found the defendant guilty of murder in the second degree, he could not now lawfully be convicted of murder in the first degree. We think that this point is without merit. In *People* v. *Superior Court,* 202 Cal. 165, 173 [259 Pac. 943, 946], the Supreme Court said: "A person charged with murder is not acquitted of a higher degree until a valid conviction obtained in the law's form has become final. It is true that a conviction of manslaughter has been held to be an acquittal of murder. But in no case has it been held that a conviction of murder in the second degree, or in the first degree punishable with life imprisonment, upon a new trial granted, bars a conviction of murder carrying with it the death penalty." Neither do we think that such conviction of murder in the second degree would bar a conviction of murder in the first degree with recommendation to life imprisonment.

■ It is next contended that the court committed reversible error in directing the jury that they could only convict of first degree murder, or find the defendant not guilty; and in refusing to instruct that "when it appears that the defendant has committed a public offense, and there is a reasonable ground of doubt in which of the two or more degrees he is guilty, he can be convicted of the lowest degree only". The court refused this instruction for the stated reason that there was no evidence as to any offense except

first degree, and that lesser degrees were not here involved. In giving the instruction as stated and in refusing said requested instruction the court did not err. Upon the evidence produced before the court there remained no doubt that the crime committed was the crime of murder in the first degree, and there was no evidence to the contrary. The only real question was the question as to whether or not this defendant was guilty of the crime. "In a criminal case instructions are always to be given with reference to the facts proved before the jury. Accordingly, it is the established rule that on the trial of a person charged with murder it is proper to refuse to give an instruction as to a lesser degree than that of murder in the first degree, or as to a lesser offense included within the crime charged, if the evidence is of such a nature as to warrant only a verdict of first degree murder, in the event that the accused is guilty at all." (*People* v. *Watts*, 198 Cal. 776, 793 [247 Pac. 884, 890].) In this case the murder was committed in the course of an attempt to perpetrate robbery, or burglary, and therefore was murder in the first degree. (Pen. Code, sec. 189.)

We are satisfied that the evidence is sufficient to sustain the verdict. It is at least as completely sufficient, and in large part is the same, as the evidence produced at the first trial, which was reviewed in the decision of the former appeal, where it was held that there was evidence sufficient to have sustained a conviction if such conviction had been secured without the use of a confession which this court held was erroneously admitted in evidence. That error was not repeated at the second trial.

The judgment is affirmed, and the order denying motion for new trial is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1933.