[Crim. No. 2607.   Second Appellate District, Division Two.—January 24, 1935.]

THE PEOPLE, Respondent, v. SAMUEL D. COLLINS, Appellant.

Lewis A. Schaffer for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant, a chiropractor, was convicted of the crime of abortion (Pen. Code, sec. 274). He appeals from the judgment and order denying motion for new trial on two grounds: (1) insufficiency of evidence, especially lack of corroboration of the patient and her husband, who were accomplices, and (2) misconduct of the trial court.

■ Mrs. Brant testified that when she went to defendant's office she told him she was pregnant, that she paid defendant $35 and that he performed certain acts which constituted an abortion. Both she and her husband testified that was the purpose of the visit. Defendant testified that the parties called and informed him that the woman was pregnant and that she had taken drugs to induce a miscarriage. He said that he examined her, did nothing except advise her how to properly care for herself, charged her $3 and sent her home. The evidence shows that hemorrhage ensued and a miscarriage occurred ten days later. About five days after the latter event defendant was called at 3 o'clock in the morning and went to the Brant home. He then traveled six or eight blocks back to his office, secured some instruments and returned to the patient. He then removed some internal tissue with his fingers and by means of some sponge-holding forceps. This latter operation was clearly illegal unless performed in a case of emergency. (Deering's Gen. Laws, 1931, Act 4811, sec. 16, p. 2378; Act 4807, sec. 22, p. 2369.) In a large city, with hundreds of duly licensed physicians and surgeons available at all hours, the jury might properly have considered appellant's acts at that time an attempt by a guilty man to cover up the results of his own previous misdeed, rather than an emergency as he claimed it to be.

■ When appellant was confronted with the patient, who had been removed to the general hospital, and was accused of committing the abortion, he declared he had nothing to say. His conduct and his silence in the face of accusatory statements (*People* v. *Bisbines*, 132 Cal. App. 239 [22 Pac. (2d) 762]) sufficiently corroborates the charge

of the accomplices. (*People* v. *Watson*, 21 Cal. App. 692 [132 Pac. 836]·; Pen. Code, sec. 1111.)

■ Appellant further complains of certain questions asked and comments made by the trial court. No assignment of misconduct was made during the trial nor was the request made that the jury be instructed to disregard them. Nevertheless the court at the conclusion of the trial did instruct the jury to disregard any expression he might have uttered intimating an opinion as to the facts. As the court said in *People* v. *Browning*, 132 Cal. App. 136, at page 153 [22 Pac. (2d) 784]: "The misconduct of a trial judge which will warrant a reversal of the judgment should be so definite and apparent as to leave little doubt that it has resulted in depriving the accused of a fair and impartial trial." The record in this case discloses no such conduct.

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.