[Crim. No. 187. Fourth Appellate District.—October 11, 1935.]

THE PEOPLE, Respondent, v. W. W. PRATCHNER, Appellant.

Stanford G. Smith for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The appellant was charged with a violation of section 288a of the Penal Code. He was found guilty by a jury and has appealed from the judgment and from an order denying a motion for a new trial.

It would serve no useful purpose to set forth the evidence here. The testimony of the complaining witness, aside from the question of corroboration, is amply sufficient to sustain the verdict. ■ The main contention here is that the testi-

mony of this witness was not sufficiently corroborated. A reading of the record clearly shows this contention to be without merit. There is evidence of other instances of improper conduct on the part of the appellant with other boys. It appears that the appellant frequently had the complaining witness in his room and was much in his company; that the father of the boy complained to the appellant about his keeping the boy from coming home from school on time; that the father told the appellant not to come to his home again; and that the appellant, while denying that the particular incident happened, did not deny that the boy was in his room at the time in question. There is also the testimony of another boy who found the appellant and the complaining witness in a most compromising position just a few minutes before the offense is alleged to have been committed. The evidence referred to tended to connect the appellant with the commission of the crime and furnished sufficient corroboration within the well-known rules. (*People* v. *Nichols*, 2 Cal. App. (2d) 99 [37 Pac. (2d) 710].)

█ The only other point raised is that the deputy district attorney was guilty of prejudicial misconduct in his argument to the jury. Two instances are cited. In the first of these, while the deputy district attorney was summarizing the testimony of the main corroborating witness, he referred to one fact which was a reasonable and almost necessary inference from certain testimony given by the complaining witness. This was assigned as misconduct and the jury was instructed to disregard the statement. In referring to the matter the deputy district attorney plainly stated that this fact was testified to by the complaining witness. The fact in question was fairly in evidence, was attributed to the right witness and we are unable to see that the statement as made was improper. In any event, the instruction to disregard the statement was a sufficient protection of the appellant's rights.

█ Another statement made by the deputy district attorney in his argument was assigned as misconduct but no request was made to have the jury instructed to disregard it. While the matter is set out in the appellant's brief no argument is made, and we are not advised as to what part of the statement is objected to or as to what the objections are. Apparently the criticism is that the deputy district

attorney expressed a belief that the appellant was guilty of the offense with which he was charged. While such a belief was expressed, there is nothing to show that it was not based upon the evidence and, on the other hand, it follows a reference to the summary of the evidence which had just been given by the deputy district attorney. Such a situation does not indicate misconduct requiring a reversal. (*People* v. *Bracklis,* 54 Cal. App. 40 [200 Pac. 1062].)

The judgment and order are affirmed.

Marks, J., and Jennings, J., concurred.