[Crim. No. 2800.   Second Appellate District, Division One.—February 4, 1936.]

THE PEOPLE, Respondent, v. EDGAR H. RUCKER, Appellant.

610

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

WHITE, J., *pro tem.*—This is an appeal from a judgment after conviction of the crime of murder, and from the order denying appellant's motion for a new trial.

To the charge of murdering one Jennie Curley appellant interposed his pleas of not guilty and not guilty by reason

of insanity. By the verdict of the jury appellant was found guilty of murder in the first degree, with a penalty of life imprisonment, and by the same jury was pronounced sane at the time of the commission of the offense.

The evidence without conflict shows that on the night of January 18, 1932, appellant shot and killed Jennie Curley. It appears that appellant and deceased had at one time lived together in the same house for a period of about two years. Four or five months before the homicide they separated; that after such separation appellant sought to induce deceased to return to him; that on at least two occasions appellant threatened the woman with a gun, and some two days before the killing, when appellant unsuccessfully sought her permission to return to her, he drew a gun and stated he would kill her rather than have any other man live with her. Also, appellant, a few days before the shooting, on two separate occasions stated to people that he would kill the deceased some day.

Appellant earnestly contends that the judgment should be reversed for the reason that the evidence introduced at the trial established the fact that appellant was insane at the time he committed the crime. It is true, as claimed by appellant, that some four psychiatrists and several lay witnesses testified that in their opinion appellant was insane, but it is also true that the record discloses substantial expert and nonexpert evidence of appellant's sanity. It would serve no useful purpose to state in detail the testimony given on this issue, because it would only result in showing that there was a conflict in the proof. Under such evidence it was clearly a question of fact for the jury to determine whether at the time of the homicide appellant was sane; and the findings of the jury thereon will not be disturbed in this court. (*People v. Ure*, 68 Cal. App. 545 [229 Pac. 987]; *People v. Schuler*, 87 Cal. App. 68 [261 Pac. 1059]; *People v. Niino*, 183 Cal. 126 [190 Pac. 626]; *People v. Loomis*, 170 Cal. 347 [149 Pac. 581]; *People v. Troche*, 206 Cal. 35, 50 [273 Pac. 767].)

In his reply brief appellant directs our attention to the fact that since the filing of his opening brief, this court, in *People v. Jacobs*, 83 Cal. App. Dec. 405 [51 Pac. (2d) 128], has held it to be error to permit psychiatrists to express an opinion concerning the ability of a defendant to distinguish

right from wrong, upon the ground that such expression of opinion invades the province of the jury. In the Jacobs case a hearing has been granted by the Supreme Court, and the matter is now pending therein. For that reason the law stated therein may not be accepted as final. However, in the instant case, while it is true that such opinion evidence was given, yet no objection was urged against it in the lower court, nor was any appropriate motion to strike made. In fact, witnesses called by and testifying for appellant at the trial expressed similar opinions. Objection cannot therefore be made for the first time in this court, especially in view of the fact that kindred testimony was produced by appellant himself.

On the first or general issue of not guilty the issue of legal competency was brought into the case by the defendant through his objection to the introduction in evidence of a confession which he had made to the police officers the day following the homicide, on the ground that he was mentally deficient and that he did not and could not have comprehended the significance of the statements and admissions which he was supposed to have made. On the issue of mental deficiency the defendant was permitted to and did introduce such evidence as he chose to present. The proper foundation was laid as to the free and voluntary making of the confession, and the court fully instructed the jury as to their power to disregard the confession if they found it to be made by a person mentally incompetent. Moreover, any evidence tending to establish that the defendant was not in full possession of his faculties at the time he confessed his guilt would not affect the admissibility in evidence of the confession itself, but would be evidence to be considered by the jury in determining the weight or effect to be given to it. (*People* v. *Lehew*, 209 Cal. 336, 342 [287 Pac. 337]; *People* v. *Miller*, 135 Cal. 69, 71, 72 [67 Pac. 12]; *People* v. *Cokahnour*, 120 Cal. 253, 254 [52 Pac. 505]; *People* v. *Elder*, 55 Cal. App. 644, 648 [204 Pac. 29].) As indicated above, the jury was admonished and correctly instructed that it was for them ultimately to determine whether the confession was freely and voluntarily made. (*People* v. *Goold*, 215 Cal. 763, 765 [12 Pac. (2d) 958].)

It is next contended that the court below committed reversible error in directing the jury that they could only

find the defendant guilty of murder, and in refusing to instruct the jury that they could find the defendant guilty of manslaughter. In giving the instruction as stated and in refusing defendant's requested instruction on manslaughter, the court did not err. Upon the evidence produced before the court there remained no doubt that the crime committed was the crime of murder, and there was no evidence to the contrary. The only real question, therefore, was the question of the degree of murder.

"In a criminal case instructions are always to be given with reference to the facts proved before the jury. Accordingly, it is the established rule that on the trial of a person charged with murder it is proper to refuse to give an instruction as to a lesser degree than that of murder in the first degree or as to a lesser offense included within the crime charged, if the evidence is of such a nature as to warrant only a verdict of first degree murder, in the event that the accused is guilty at all." (*People* v. *Watts,* 198 Cal. 776, 793 [247 Pac. 884] ; *People* v. *Dye,* 130 Cal. App. 522, 523, 525 [20 Pac. (2d) 358].) The evidence in this case clearly showed that appellant was either guilty of murder or he was insane at the time of the shooting.

The conviction of appellant is next assailed on the ground that the court erred in the giving and refusal to give certain instructions, but this claim is without merit, for the reason that a review of the instructions proffered to the court and those given to the jury clearly indicates that the court fairly, fully and clearly instructed the jury upon all the issues raised by the evidence.

Being of the opinion that appellant was fairly tried and justly convicted, the judgment and order appealed from are affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 5, 1936.