[Crim. No. 3690. Second Dist., Div. Three. July 30, 1943.]

THE PEOPLE, Respondent, v. JUNO N. GARNER, Appellant.

James O. Warner for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.— The defendant was found guilty of violating section 274, Penal Code, in that he employed an instrument to procure a miscarriage, and was sentenced to state prison. On his appeal from the final judgment of conviction, the defendant makes but two points: first, that the testimony of the accomplices was not corroborated; and, second, that error was committed in permitting Dr. Wright to testify that the abortion had been induced. We find neither ground sufficient to sustain a reversal of the judgment.

 The testimony of the woman upon whom the crime was committed, to whom we shall hereafter refer as the complaining witness, was ample to support the conclusions which the trial court's judgment indicates were reached, that is, that she was pregnant and that the defendant used an instrument to bring about the miscarriage which followed shortly after her visit to him. By the provisions of section 1108, Penal Code, in a case such as this "the defendant cannot be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated by other evidence." The defendant himself, may, however be the source of the necessary corroboration (*People* v. *Collins,* (1935) 4 Cal.App.2d 86, 87 [40 P.2d 542]; *People* v. *Pritchard,* (1943) 58 Cal.App.2d 791, 792 [137 P.2d 697]) and that was so in this case. His story closely paralleled that of the complaining witness except, of course, the operation of which she spoke was, in his version, only an examination. His subsequent actions, however, were such that the trial judge was warranted in viewing them as admissions of guilt. Although the complaining witness had paid him $70, he told the police officers who questioned him that she had not. Some time after June 30, the day of the "examination," he made an attempt to obtain the signature of the complaining witness to this letter: "June 30, 1942. This is to certify that, believing myself to be pregnant I have attempted to abort myself and find myself in much difficulty due to vaginal bleeding and passage of material from the vagina. I hereby authorize Dr. J. N. Garner to do anything necessary to relieve my condition and will not in any way hold him responsible for any further complications that may arise." The complaining witness refused to sign this statement, so a second letter, also dated June 30, was then presented to her by the defendant. Because she needed the $70 that was to be returned if she signed the second letter, she did so. It reads: "This is to certify that I, Mrs. Ollie V. Beggs am suffering from nausea and vomiting, vaginal bleeding and pain and that I hereby authorize Dr. J. N. Garner to carry out any procedures that he may deem necessary. Further, I hereby relinquish any claim of any sort whatsoever upon Dr. J. N. Garner for any complications which may develop. Signed: Mrs. Ollie V. Beggs, Mr. O. V. Beggs, 257 W. Beach, Inglewood." For the sufficiency as corroborative evidence of the

acts of a defendant which reveal consciousness of guilt, see *People* v. *Collins,* cited above, and *People* v. *Hoyt,* (1942) 20 Cal.2d 306, 313, [125 P.2d 29].

Further corroboration of the testimony of the complaining witness came from the friend who took her to keep her evening appointment with the defendant. This friend described the complaining witness as in very good spirits on the way to the appointment, in great agony as she returned from it three quarters of an hour later.

■ The defendant is in no position to complain of the error, if it was an error, in the admission of Dr. Wright's opinion that an abortion had been induced, as no objection was made to any of the questions which elicited the opinion, although the opportunity for an objection existed, nor was there a motion to strike the opinion when given. (*People* v. *Rucker,* (1936) 11 Cal.App.2d 609, 612 [54 P.2d 508].)

■ The appeal in this case was taken orally, at the time of pronouncing sentence, over a month after defendant's motion for a new trial had been denied. The attempted appeal from the order denying a new trial was thus taken too late (Pen. Code, sec. 1239) and that appeal is dismissed. The final judgment of conviction is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied August 9, 1943, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1943. Carter, J., Traynor, J., and Schauer, J., voted for a hearing.