THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ISABEL FELICIANO CARABALLO, Defendant and Appellant.

No. 14285. Argued February 3, 1950.—Decided February 13, 1950.

 

*Inés Acevedo de Campos* and *Rafael Muñoz Ramos* for appellant.
*Vicent Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was tried and convicted by a jury of the crime of abortion in violation of § 266 of the Penal Code, 1937 ed., and sentenced to imprisonment from two to three years. On appeal, the defendant contends that the testimony of the woman upon whom the offense was committed was not corroborated by other evidence, as required by § 250, Code of Criminal Procedure, 1935 ed.

 There was abundant proof, including the testimony of two doctors and of the aggrieved woman, that an abortion was committed on the person of Cándida Rosa Ortiz. The defendant does not dispute this fact. She argues only that the record contains no evidence whatsoever connecting her with the crime, as required by § 250. Except for the testimony of the victim, the only witness who connected the defendant with the crime was a detective who testified as follows:

"*Testigo:* When I arrested her, she was in a room getting ready to go out and I said that I was there and was going to take her as an arrested person, and this was hard for me, that she was a lady, but I really had to do it, that why had she done that.

". . . . . . . .

"I told her that she was a lady and that I had to arrest her, that why had she done that. I did not tell her the concrete fact. Then she told me that. . .

". . . . . . . .

"*Fiscal:* Witness: You said a while ago . . . What did the defendant say to you? What did she tell you when you went to her house?

"*Testigo:* That why did she do that, and she told me that was her means of making a living; that there was nothing else to do."

A confession, or admission of some of the facts involved in the crime, if believed by the jury, is sufficient to connect a defendant with this offense. *People* v. *Márquez*, 64 P.R.R. 354, 362; *People* v. *Garner*, 140 P. 2d 146 (Calif. 1943); *People* v. *Wilson*, 153 P.2d 720, 723 (Calif., 1944). Consequently, the admission of the defendant that she had done "that" in order to make a living constituted the corroboration required by § 250, provided it is clear that she was referring to the abortion upon the person of Cándida Ortiz.

The defendant contends that there is nothing in the record to show what she and the detective meant by the foregoing vague and imprecise language. She argues that, so far as the record discloses, both the detective and the defendant may have been talking about *bolita*, prostitution or other illegal means of making a living. However, in the absence of evidence to the contrary, we must presume that the arrest was legal. And in making a valid arrest, the detective was required to advise the defendant of the charge for which she was being arrested. Sections 116–122, Code of Criminal Procedure, 1935 ed. Their conversation therefore necessarily concerned the specific charge of abortion upon the person of Cándida Ortiz. And we have seen that such an admission is sufficient corroboration.

■■ The defendant also argues that the lower court erred in giving the following instruction to the jury: "The law does not require a certain number of witnesses to prove a fact or circumstance. A single witness who is worthy of entire belief may be sufficient for the proof of a fact or circumstance, except for perjury or treason."

This instruction, standing alone, was erroneous because of the requirement of corroboration in this case. But three sentences later the court instructed the jury that "In this case corroboration of the testimony of the alleged victim is also required. The sole testimony of Cándida Rosa would not be sufficient to convict this defendant. The testimony of this alleged victim has to be duly corroborated." Thereafter the

district court read §§ 250 and 263 of the Code of Criminal Procedure verbatim to the jury, and went on for more than two pages to explain in great detail and correctly the various facets of the rules regarding corroboration. Moreover, at the close of the instructions, the court asked if any special instructions were requested, and both parties replied in the negative. The district court then concluded with another statement that if the defendant was not connected with the crime by some testimony other than that of Cándida Ortiz, it was the duty of the jury to acquit her. No objection or exception was made to any part of the charge to the jury.

We think that under some circumstances contradictory instructions require reversal. Cf. *People* v. *Pujals*, 34 P.R.R. 382, and cases cited. But here the trial court repeated several times in detail the requirements of corroboration. We therefore do not believe the jury was misled by the two isolated sentences on which the defendant now relies. If necessary, the matter could easily have been cleared up at the trial; but the defendant made no objection to the charge. She cannot now raise this question for the first time on appeal. *People* v. *García*, 64 P.R.R. 278; *People* v. *Ortiz*, 68 P.R.R. 632.

The *Fiscal* of this Court states in his brief that he presumes the instruction complained of was inadvertently given because the judge probably read this particular instruction from a book of general instructions which the trial judges have. We have no way of knowing if that occurred here. But if it did, it emphasizes once more the complication which may arise from a mechanical reading of general instructions. See *People* v. *Colón*, 63 P.R.R. 371. A judge is not appointed solely because he knows how to read; he is appointed because he is learned in the law. And one of his most important duties is to instruct a jury, not in generalities, but in detail in the light of the facts and law involved in the specific case being tried.

The judgment of the district court will be affirmed.