[Crim. No. 2808. First Dist., Div. Two. Sept. 5, 1952.]

THE PEOPLE, Respondent v. KENNETH HAMBRIGHT, Appellant.

Benjamin F. Marlowe for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on an information charging a violation of section 503 of the Vehicle Code—taking and driving an automobile without the owner's consent. A second count charged grand theft of the automobile. A third count charged prior conviction of a felony—burglary. He was convicted on the first count, acquitted on the second, and admitted the third. Defendant was 18 years of age at the time of the trial and was committed to the Youth Authority Institution at Lancester. His appeal is from the judgment on the verdict and from the order denying his motion for a new trial.

On Christmas night, 1950, the owner of an automobile parked his car in the street in front of his home in Hayward, Alameda County. Later in the evening he discovered that the car was missing. It was found five days later near Myers on the Placerville-Lake Tahoe highway driven by one Parker in company with the defendant herein. The boys were taken to the Placerville jail where they were interrogated by police officers. Both boys lived in Hayward and had been at their homes on Christmas night. They drove around the streets of Hayward in a car belonging to the stepfather of one of them looking for a car to possess and drive to Lake Tahoe where the defendant had some material he wanted to pick up. After they took possession of the parked car they drove to the home of one of them, removed the license plate, and attached the plate of the parent's car. They then drove into the hills back of Hayward where they tossed the old license plate and some material from the trunk. They then drove south to a point some 50 miles north of Bakersfield where they traded the spare tire and tube for gasoline. Their route from that point over the Lake Tahoe highway was not defined until their arrest at a point near Myers.

Both boys were taken to the Placerville jail where they were interrogated jointly by several police officers. Those called as witnesses testified that ''they'' said thus and so. Or that ''they'' admitted that ''we'' did thus and so, referring in each instance to the examination of the two boys collectively. Parker was called by the prosecution and gave full details of the taking and use of the automobile by the defendant and himself. His testimony was not impeached. The defendant did not take the stand.

The first point raised by appellant is that the testimony of the examining officers did not specifically identify him as one of the boys making the admissions. There were only two boys being examined. The statement that ''they'' said thus and so included both. The statement that they said ''We did thus and so'' included both. If the admissions were all made by Parker it is significant that at no time—either during the examination or when these statements were testified to at the trial—did the appellant object or question them as applying to him as well as to Parker.

This is the only attack on the sufficiency of the evidence and we must hold that it is unfounded.

Appellant directs some criticism at an instruction relating to the duty of a defendant to explain his possession

of stolen property. His argument rests on the theory that Parker was an accomplice whose testimony was not corroborated. But his premise is wrong. When they were questioned by the arresting officers they were jointly accused of having stolen the car. Assuming that Parker made all the answers the appellant did not deny them either before the police officers or at the time of the trial. Assuming again that Parker alone made a confession of the theft it is conceded that it was done in appellant's presence and that the latter made no denial. His silence under such circumstances is sufficient corroboration of the accomplice's testimony.

The latter point is controlled by *People* v. *Collins*, 4 Cal. App.2d 86, 87 [40 P.2d 542] where the court said: "When appellant was confronted with the patient, who had been removed to the general hospital, and was accused of committing the abortion, he declared he had nothing to say. His conduct and his silence in the face of accusatory statements (*People* v. *Bisbines*, 132 Cal.App. 239 [22 P.2d 762]) sufficiently corroborates the charge of the accomplices. (*People* v. *Watson*, 21 Cal.App. 692 [132 P. 836]; Pen. Code, sec. 1111.)"

The judgment and order are affirmed.

Goodell, J., and Dooling, J., concurred.