[Crim. No. 2830.   Third Dist.   May 4, 1959.]

THE PEOPLE, Respondent, v. CHARLES J. THURMOND, Appellant.

C. K. Curtright, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from an order denying his motion for a new trial following his conviction of 20 counts of violation of section 288a of the Penal Code. The first nine counts charged related to acts alleged to have been committed by defendant on one Clarence, and the remaining 11 counts related to separate acts alleged to have been committed on one Donnie. It was stipulated that both Clarence and Donnie were accomplices.

It is defendant's primary contention that there was not sufficient corroboration of the testimony of the two accomplices. He further contends that the testimony of certain prosecution witnesses, one Pritchard and one Montoya, which was intended as corroboration was inadmissible. Defendant did not take the stand.

Since the two accomplices testified in detail as to each of the acts charged, there can be no question as to the sufficiency thereof except for the prohibition contained in section 1111 of the Penal Code relative to accomplices which reads in part as follows:

"A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of

the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof . . .''

■ In discussing the sufficiency of the corroborating testimony under the express statutory rule, the court in the recent case of *People* v. *Lyons*, 50 Cal.2d 245, 257 [324 P.2d 556], held: ''The evidence need not corroborate the accomplice as to every fact to which he testifies but is sufficient if it does not require interpretation and direction from the testimony of the accomplice yet tends to connect the defendant with the commission of the offense in such a way as reasonably may satisfy a jury that the accomplice is telling the truth; it must tend to implicate the defendant and therefore must relate to some act or fact which is an element of the crime but it is not necessary that the corroborative evidence be sufficient in itself to establish every element of the offense charged. [Citing cases.]''

■ The prosecution, in support of the judgment, has set forth in its brief the evidence upon which it relies to supply the necessary corroboration as required by the Penal Code. It is there contended that corroboration as to Donnie's testimony was supplied by evidence that he was 14 years of age, that defendant was his school teacher and that defendant on numerous occasions, during the period in which the acts were alleged to have taken place, picked the boy up at the boy's home. As to Clarence, the prosecution points to the evidence that Clarence was a boy approximately 17 years of age who met defendant at Donnie's house; that Clarence stayed at defendant's home and that defendant admittedly was in the boy's room in both the mornings and evenings as stated by the boy; and also that defendant wrote to Clarence's mother telling her that the boy was staying with him.

As to the above evidence, the most that can be said is that it indicates that defendant had the opportunity to commit the offenses, but mere opportunity has never been held sufficient as corroboration. (*People* v. *Robbins*, 171 Cal. 466 [154 P. 317].)

■ The prosecution points to further evidence that defendant admittedly permitted both boys to use his car and motorcycle, even though the boys had been in an accident resulting in damage. Certainly the lending of a car or motorcycle is not corroboration of any element of the crime. It is possible to conceive of situations where such fact, together

with additional evidence giving it interpretation and direction, would be material; that is, an inducement to participate in the acts charged, but such is not the case here. The record is wholly barren of any connection.

■ It is also urged by the prosecution that corroboration is supplied by evidence that defendant admittedly had a boot fetish, in that boots had a sexual attraction for him (although it was denied that such attraction was homosexual in nature). It was established that defendant supplied the boys with boots; that defendant took pictures of Donnie wearing boots; and that defendant admittedly was attracted to the boys because they wore boots. Without the testimony of the accomplices that boots were involved in the commission of the acts charged, such evidence lacks direction as to connecting defendant therewith. As was noted in *People* v. *Lyons, supra,* such interpretation and direction must be supplied by testimony other than that of accomplices. Hence in the absence of some evidence that such a fetish is related to homosexuality in some manner, the testimony relied upon lacks both interpretation and direction..

It is further argued that there is evidence that defendant adopted the same pattern of operation with each boy in the commission of the offenses. Such evidence, however, rests solely upon the testimony of the accomplices, and for the reasons given above may not be considered as corroboration.

The prosecution contends that the necessary corroboration is supplied by certain false statements made by defendant. In this connection it is contended that defendant first denied and then admitted that he supplied Clarence with beer. However, the record discloses that defendant only denied giving the boy liquor. It was not denied that beer was made available to Clarence. The record does show that on one occasion during the period in which the acts were alleged to have taken place, defendant gave as a reason for picking Donnie up that he needed the boy's services to aid in some electrical wiring at defendant's home. There was testimony that defendant admitted that this was a pretense. There was also testimony that defendant first denied and then admitted that he had been in trouble of a similar nature before.

■ The fact, standing alone, that defendant made statements which he later admitted were false does not corroborate the accomplices' testimony. If such statements are of such nature that they indicate a consciousness of guilt, they then

may have probative effect as corroborative evidence. This rule of corroborative evidence is set forth in the case of *People* v. *Wayne,* 41 Cal.2d 814 [264 P.2d 547]. ■ However, as is therein noted at page 823: ''It should be emphasized that no inference of consciousness of guilt can be drawn from the mere fact that the jury, in order to convict, must have disbelieved defendant's explanation . . . ; only where the false statement or testimony is intentional rather than merely mistaken and where such statement or testimony suggests that defendant has no true exculpatory explanation can it be considered as an admission of guilt.'' It is to be noted that in the Wayne case the false explanation made by the accused related to an element of the crime with which he had been charged—receiving money from a bookmaker where the charge was that the accused was a ''go between'' in a bribery arrangement.

■ In the instant case defendant's false statement as to needing Donnie's services was not made to the authorities after he had been accused but was given as an explanation to Donnie's mother. Such statement does not suggest that defendant had no true exculpatory explanation for wanting Donnie's companionship. This is particularly so since defendant explained to the authorities that the true reason for picking Donnie up was to let the boy ride defendant's motorcycle. It is not unusual that one who is allowing a 14-year-old boy to ride his motorcycle would attempt to conceal this fact from the boy's mother.

■ Defendant's attempt to conceal the fact that he had had previous trouble of like nature was not an attempt to explain away any activity with the boys. Whether or not defendant had been ''in trouble'' before was not material to the question of whether he had committed the acts charged herein. His false denial of such prior trouble adds nothing to his later admission that he had been in trouble. Such admission does no more than cast suspicion upon defendant, and mere suspicion has never been held sufficient as corroboration.

■ Likewise without merit as corroborative evidence is the testimony given by one of the officers that during the trial he had overheard defendant ask Clarence what he had done with the boots; that Clarence replied he had given them to his mother who in turn had taken them to Los Angeles; and that defendant then swore at Clarence, stating, ''I'll get you . . .'' Surely such testimony is wholly uncorroborative of the testimony given by Clarence concerning the acts charged.

It is next contended by the prosecution that defendant's equivocation when he was faced with certain accusatory statements made by Clarence amounts to a tacit admission of the offenses and as such corroborates Clarence's testimony. While there is ample authority that a tacit admission corroborates the testimony of an accomplice (*People* v. *Watkins*, 126 Cal.App.2d 199 [271 P.2d 641] ; *People* v. *Hambright*, 113 Cal.App.2d 40 [247 P.2d 607] ; *People* v. *Coakley*, 108 Cal.App.2d 223 [238 P.2d 633] ; *People* v. *Griffin*, 98 Cal. App.2d 1 [219 P.2d 519] ; *People* v. *King*, 40 Cal.App.2d 137 [104 P.2d 521] ; *People* v. *Collins*, 4 Cal.App.2d 86 [40 P.2d 542] ), the primary issue is whether the accusation has been made under circumstances calling for a reply, whether the accused understood the statement, and whether his conduct or response was such as to give rise to an inference of acquiescence or guilty consciousness. (*People* v. *Simmons*, 28 Cal.2d 699 [172 P.2d 18].)

The testimony relied upon by the prosecution relative to the alleged tacit admission shows that prior to the trial the district attorney and two officers questioned defendant for a period of about five and one-half hours. During the course of this interrogation, and after he had repeatedly denied the accusations which had been made by the boys, defendant was asked what he would think about Clarence being brought face to face with him. Defendant stated that he would like to hear the boy make the accusations himself. Clarence was then brought into the room and in direct terms accused the defendant of performing the acts denounced by section 288a. Defendant did not immediately respond to the accusations, and when asked if he had any questions to ask the boy said that he did not. Upon being asked a second time if he had any questions, defendant again stated that he had no questions. When asked a third time, defendant said, "Well, Don—— well, Clarence, why are you saying this?" Clarence responded, "You know why, . . . because it is the truth." Defendant said, "I can't understand, Clarence, why you said these things," and Clarence said "Well, the only answer I can give you is because it is the truth." Defendant asked, "Is it because of the automobile?" And Clarence replied, "No, the automobile has nothing to do with it . . . It is the truth . . . That's it." Defendant then stated that he had no more questions to ask the boy.

Even if it were to be conceded that defendant's comments

wherein he asked Clarence why he said the things were an equivocation amounting to a failure to deny the accusations, such would not amount to a tacit admission. Here, as in *People* v. *Staker,* 154 Cal.App.2d 773 [316 P.2d 725], in view of defendant's consistent denials of the charges, what further need he have said in addition to what he had already said, since it is conceded that he had consistently denied the commission of the acts charged?

▇ The final contention of the prosecution is that the defendant was engaging in a course of conduct which was not a normal relationship. There is no question but that defendant is a well-educated adult, but as the court noted in *People* v. *Robbins, supra,* if friendship of a well-educated adult for a teenager were to cast suspicion upon the former, then thousands of men who have associated in juvenile programs would be suspect. Even granting that there are unusual aspects of the relationship between defendant and the two boys, such does no more than create a mere suspicion when related to the acts with which defendant has been charged. The record is barren of evidence (other than the testimony of the accomplices) giving the relationship of defendant with the boys direction so as to connect defendant with any of the elements of the offense charged.

Inasmuch as we have concluded that there is not sufficient corroboration of the testimony of the accomplices, it is unnecessary to deal with defendant's further contentions as to the admissibility of the testimony which was intended as corroboration.

The order denying defendant's motion for a new trial is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 27, 1959, and respondent's petition for a hearing by the Supreme Court was denied July 1, 1959.