[Crim. No. 1823. Fourth Dist. Sept. 4, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. BURKITT DONALD JONES, Defendant and Appellant.

Rudolph J. Basile and Richard S. Henderson for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert H. O'Brien, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was indicted for the crime of sex perversion with a child under the age of 14 years and 10 years his junior, i.e., a violation of section 288a of the Penal Code; entered a dual plea of "not guilty" and "not guilty by reason of insanity"; was tried by a jury which found him guilty of the offense charged; withdrew his plea

of not guilty by reason of insanity; made an application for probation, which was denied; was certified for examination as a sexual psychopath and was declared not to be such; made a motion for a new trial, which was denied; was sentenced to the state prison; and appeals from the judgment entered, the order denying him probation and the order denying a new trial. The orders in question are not appealable, and the attempted appeal therefrom should be dismissed. (Pen. Code, § 1237.)

The evidence in this case overwhelmingly establishes that the defendant committed an act of sex perversion described in section 288a of the Penal Code upon the body of his stepdaughter; that the act was committed on the night of July 26, 1961, after his stepdaughter had gone to bed, and while his wife was away from home; that he was then 35 years of age; and that his stepdaughter was 10 years of age. He did not deny committing the offense; in a statement made to the police after his arrest, he said he did not remember what took place during the night in question; and did not testify on his own behalf.

Alleged errors of the trial court and misconduct of the district attorney are urged as grounds for reversing the judgment.

■ At this juncture it should be noted that a judgment may be reversed only when the errors or misconduct complained of have resulted in a "miscarriage of justice" (Cal. Const., art. VI, § 4½), and "a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error" or misconduct in question. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

■ Upon the *voir dire* examination of the jury, counsel for defendant asked a prospective juror: "[H]ave you ever sat in a criminal matter that was similar, where the charge was similar to the matter here"; an objection to the question was sustained; and this ruling is assigned as error. On appeal the defendant contends that the subject question was proper because a prospective juror may be challenged for cause if he served on the grand jury which found the indictment at hand, or served on a trial jury which tried another person for the offense charged. (Pen. Code, § 1074, subd. 5.) However, the question under consideration was not directed spe-

cifically to the claimed right to challenge; did not ask if the prospective juror had served on the grand jury rendering the indictment, which information could have been obtained from other sources, or on a trial jury that had tried another person for the same offense, it being obvious that the defendant was the only person charged with the offense in question; and the objection thereto properly was sustained. Furthermore, the prospective juror was excused upon the exercise of a peremptory challenge by the People, and no prejudice resulted from sustaining the objection to the question asked.

 During the course of the trial a statement in the defendant's handwriting, made after he had been arrested, was admitted in evidence over his objection that "no corpus has been established," and that it was hearsay. On appeal he claims this was prejudicial error.

In the subject statement the defendant said he did not recall just what happened on the night in question; that he did remember going to the store for candy and beer, "the kids going to bed," and that he went to bed; that when his wife came back the next morning she found his stepdaughter "on the back porch asleep"; that he went out to see what was going on and then went back to bed; that he heard his wife and stepdaughter talking; and when he went out the girl said he had bothered her and did not let her sleep; that his wife said "it was all red and that it didn't get that way by itself"; that he got mad and started to leave but told his wife not to tell his mother; that he had been "trying to think this all out" and believed that what they said must be true; that he believed he needed a doctor to find out "if this is in my mind"; that he had done "this" with his wife but with no one else that he knew of; and that he would appreciate being sent to a hospital "for this thing."

Previous to the offer of the aforesaid statement, the stepdaughter testified in detail about the act of perversion with which the defendant had been charged; adequate proof of the corpus delicti was then in evidence; the statement contained declarations by the defendant which were relevant and admissible against him (Code Civ. Proc., § 1870, subd. 2); and, thus, the grounds for the objection as stated at the trial were not well taken.

 On appeal, defendant contends that the statement should not have been admitted in evidence because his admission therein that "what they say must . . . be true" is contradicted by his declaration that he did not know what

happened on the night in question. This objection goes to the interpretation of and weight to be given the statement rather than to its admissibility. (*People* v. *Rucker*, 11 Cal. App.2d 609, 612 [54 P.2d 508].) The defendant did not therein deny that he had committed the offense with which he was charged but, without offering any reason therefor, professed a lack of knowledge about the incident, saying that he did not know what happened on the night in question, although he related a number of incidents that took place before going to bed and a number of incidents which occurred the next morning; and did not suggest that he had been intoxicated or was ill. The trier of fact was entitled to conclude that his professed lack of knowledge was a sham.

 During cross-examination of the stepdaughter, who had been called as a witness by the People, after a number of objections to questions propounded by counsel for the defendant had been sustained, the court said: "I will tell you, counsel, I am about to call a halt to this cross-examination. You'd better choose very pertinent questions and ask them in a hurry, because I think we've gone far enough. . . . I am not shutting you off, but I think you have gone far enough. You are not getting anywhere. Now if you have any pertinent questions, you go ahead and ask them. I don't mean to shut you off but——."

Thereupon the defendant moved for a mistrial upon the ground that the foregoing statement of the court was tantamount to an announcement by the judge that he believed "defense counsel is attempting to cross-examine and present a defense which is entirely without merit." The motion was denied; counsel stated that he had no further questions to ask the witness; and the court rejoined:

"You may ask any other questions that you wish that are pertinent"; but no further questions were asked. The action of the trial court is cited as prejudicial error. The record shows that the cross-examination of the witness was eight times as long as the direct examination; that many irrelevant questions had been asked; that the statement by the court, considered in the light of all that transpired, constituted an admonition to confine the questioning to pertinent matters, otherwise it would be necessary to terminate the examination; and that the interpretation placed thereon by the defendant is not justified. There is a broad discretion vested in the trial judge to keep cross-examination within reasonable

bounds. (Code Civ. Proc., § 2044; *People* v. *Burton*, 55 Cal.2d 328, 343 [11 Cal.Rptr. 65, 359 P.2d 433]; *People* v. *Corlett*, 67 Cal.App.2d 33, 57 [153 P.2d 595].) No abuse of discretion appears in the instant case.

When the People had rested their case the defendant moved for a dismissal upon the ground that "no corpus was established"; a discussion ensued, the net result of which was an observation by the court that the People had not proved that the defendant was 10 years older than his stepdaughter; thereupon the district attorney asked for a stipulation respecting this fact; this request was denied; the court then observed that the defendant's wife or mother could testify to his age; and defense counsel said: "I don't care. Certainly he should have no difficulty in proving it with the mother."

All the foregoing took place outside the hearing of the jury. Thereupon the district attorney moved for and was granted permission to reopen the case for the purpose indicated.

The defendant contends that the trial judge was acting as an assistant prosecutor and that his action in the premises constituted prejudicial error. There is no merit in this contention. It is the duty of the trial judge "to see that as nearly as possible the issues shall be disposed of on their merits; and it is not out of place for him to call attention to omissions in the evidence . . . which are likely to result in a mistrial." (*Farrar* v. *Farrar*, 41 Cal.App. 452, 457 [182 P. 989]; *People* v. *Frahm*, 107 Cal.App. 253, 262-263 [290 P. 678]; see also *People* v. *Collins*, 117 Cal.App.2d 175, 183 [255 P.2d 59].) It would be ridiculous to grant a motion to dismiss because of a failure of proof obviously due to an oversight of the district attorney, without directing the latter's attention to the deficiency. The court's remark that defendant's wife or mother might testify concerning his age was prompted by defense counsel's refusal to stipulate to the 10-year differential in ages, which must have been an apparent fact. No error occurred.

The defendant's wife was called as a witness on his behalf; on direct examination was interrogated by defense counsel with respect to her actions after July 26th, i.e., the date of the alleged offense, and when asked if she had gone to the Veterans Administration, answered: "Not this time. I had went prior to that. That was the latter part of April I had went to inquire about getting help for my husband";

thereafter was asked whether her husband had malaria and replied that she understood he did; on cross-examination testified that she went to the Veterans Administration in April to get help for him because she could see another spell coming on; said that her older daughters had confronted her with a situation; and, over objection, was permitted to repeat what one of the daughters had told her in relating an incident involving the making of an obscene remark by the defendant. On appeal it is contended that the testimony in question was hearsay; that repetition of the remark made by the defendant was inflammatory; and that the admission of this evidence constituted prejudicial error.

The testimony in question was admissible to show the reason why the defendant's wife was seeking help for him from the Veterans Administration, about which inquiry had been made on direct examination; although it was hearsay evidence of the contents of the daughters' statement, it was not hearsay evidence of the fact that the statement had been made; was material as proof of the latter fact; and was sufficiently limited to an identification of the incident referred to as to comply with the governing rule. (See *People* v. *Burton, supra,* 55 Cal.2d 328, 351.) Under these circumstances, no error occurred in overruling the hearsay objection. (*People* v. *Burton, supra,* 55 Cal.2d 328, 351; *People* v. *Fischer,* 49 Cal.2d 442, 447 [317 P.2d 967]; *People* v. *Carella,* 191 Cal.App.2d 115, 130, 139 [12 Cal.Rptr. 446].)

The consequences attendant upon admission of this testimony, and its alleged inflammatory character, pale into insignificance when considered in the light of the undenied direct and detailed testimony of the 10-year-old stepdaughter describing the defendant's commission of the offense with which he was charged, most of which was solicited by his counsel on cross-examination. Even assuming error in the premises, it was not prejudicial. (*People* v. *Ahern,* 56 Cal. App. 572, 577 [206 P. 93].)

The defendant also contends that the judgment should be reversed because of alleged prejudicial misconduct of the district attorney in the course of his argument to the jury. Three instances of alleged misconduct are cited, viz: (1) characterizing the defendant's failure to testify as tantamount to a confession; (2) intimating that if the jury failed to find him guilty the stepdaughters would not be safe at home; and (3) making the statement that ''The man is guilty of the crime as charged. I hope you will uphold your duty as jurors

and so find." Taken out of context or interpreted as the defendant has interpreted them the statements objected to might constitute misconduct. However, when considered as a part of a total charge to the jury, no misconduct appears.

The prosecution may comment upon a defendant's failure to deny or explain incriminating evidence, and may argue that such failure is a circumstance which supports its truth. (*People* v. *Redrick*, 55 Cal.2d 282, 289 [10 Cal.Rptr. 823, 359 P.2d 255] ; *People* v. *Adamson*, 27 Cal.2d 478, 488 [165 P.2d 3] ; *People* v. *King*, 103 Cal.App.2d 122, 127 [229 P.2d 20].) In the case at bar the comments of the district attorney respecting the defendant's failure to testify directed the jury's attention to the fact that he neither denied nor explained the testimony of his stepdaughter, or the written statement which he prepared; did not include an assertion that such failure constituted a confession; and may not be interpreted as a declaration that such failure was tantamount to a confession. The probability that the jury might so interpret these comments was foreclosed by the court's instructions that there was no confession in the case; that the defendant was not required to testify; and that his failure to do so did not create a presumption nor warrant an inference of guilt.

The contention that the district attorney intimated to the jury that if they did not find the defendant guilty his stepdaughters would not be safe at home is based on the following ambiguously phrased statement:

"You heard the little girl, you have heard the police officer, you have heard the mother, who was a defense witness, and you have heard the case. The evidence is there. Are you going to tell the rest of us if that law about orally copulating little girls is going to be enforced in the County of San Diego, whether that little girl can go home tonight and not have to worry about that man, and whether that fourteen year old little girl can go home tonight and not have to worry about that man doing. . . ."

Upon objection that, "This is way beyond rebuttal. I don't know if it is proper," the court admonished the district attorney to confine his remarks to the 10-year-old girl, i.e., the victim. No request that the jury be admonished to disregard the remarks objected to was made. (*People* v. *McNear*, 190 Cal.App.2d 541 [12 Cal.Rptr. 124] ; *People* v. *Dunlop*, 79 Cal.App.2d 207 [179 P.2d 658] ; *People* v. *DuBois*, 16 Cal. App.2d 81, 87 [60 P.2d 190].) As more clearly appears from

that part of the argument immediately preceding the statements in question, the district attorney was urging the jury to base their verdict on the evidence and find the defendant guilty. The remarks about the "little girl" and the "fourteen year old little girl" were unnecessary; in the light of the total argument are not as singularly significant as a detached consideration thereof might indicate; and did not bear the importance which the defendant now applies to them.

Similarly, the closing remarks of the district attorney that, "The man is guilty of the crime as charged. I hope you will uphold your duty as jurors and so find," when considered in context with the total argument, do not carry the objectionable interpretation which the defendant places upon them. It is contended that by these two sentences the district attorney expressed his personal belief respecting the defendant's guilt, regardless of the evidence. The record belies this contention. It is obvious that the statement in question expressed a conclusion based upon the evidence. This was not error. (*People* v. *Wein,* 50 Cal.2d 383, 396 [326 P.2d 457]; *People* v. *Pratchner,* 9 Cal.App.2d 451, 453 [50 P.2d 75].)

The evidence in the case at bar was not closely balanced and it is not reasonably probable that any of the allegedly objectionable remarks of the district attorney, either singularly or combined, affected the verdict; under the rule heretofore stated, did not cause a miscarriage of justice; and, consequently, are not grounds for a reversal. (*People* v. *Wein, supra,* 50 Cal.2d 383, 396; *People* v. *Farrar,* 149 Cal.App.2d 362, 367 [308 P.2d 33]; *People* v. *Louviere,* 34 Cal.App.2d 62, 64 [93 P.2d 179].)

On his motion for a new trial the defendant urged that, at the commencement of the trial, the court had ordered "the sheriff to see that the witnesses for the People were not bothered"; that by this order his counsel was prevented from interviewing his wife or his mother; and that such a command constituted prejudicial error. No such order nor any proceedings with respect thereto appear in the record. Evidence concerning the same was presented at the time of the hearing of the motion for a new trial. The defendant's wife then testified that the judge "told the Sheriff to see that we were not to be bothered." In denying the motion the court said: "The only thing I can tell you, Mr. Basile, I advised you to not intimidate the witnesses and you folks one or another, were attorney of record for the defendant at least sixty days

before the trial and you should prepare for trial before you come to court. You had plenty of opportunity to talk to Mrs. Jones and the child and anybody you wanted to. There was nobody preventing you from talking to them.''

It is the duty of the trial judge to protect witnesses against efforts to intimidate them. (*People* v. *Corlett, supra,* 67 Cal.App.2d 33, 57; *People* v. *Lawlor,* 21 Cal.App. 63, 66-67 [131 P. 63].) What prompted the announcement referred to in the case at bar is not revealed in the record. Under the circumstances, it must be assumed that there was a valid reason for the order in question, and that the trial judge properly discharged his duty in the premises. (Code Civ. Proc., § 1963, subd. 15; *Hosner* v. *Skelly,* 72 Cal.App.2d 457, 462 [164 P.2d 573].) The defendant made no request to interview any particular witness. The wife and mother were called by him and testified. It appears from this examination that they had been interviewed before trial. With respect to the former's testimony, one of the defendant's counsel, as a basis for impeachment, told the court that he had ''talked to her''; ''had no idea she was going to make'' certain statements; and ''was genuinely surprised when she did.'' Clearly this witness had been interviewed before trial. It is obvious that the court's action in no way obstructed the defendant's presentation of his defense.

We have considered and ruled upon all of the contentions respecting alleged errors which the defendant claims are grounds for reversal; in addition, even assuming these contentions to have been meritorious, after reviewing the whole record, including the evidence, we are of the opinion that it is not reasonably probable that a different verdict would have been rendered if the errors or misconduct of which he complains had not occurred; and conclude that the judgment should be affirmed.

The judgment is affirmed. The attempted appeal from the order denying probation and from the order denying the motion for a new trial is dismissed.

Griffin, P. J., and Shepard, J., concurred.